If a verdict be found for plaintiff, and a motion is made in arrest of judgment, during the pendency of which the plaintiff dies, judgment may be entered as of a term after the verdict when he was alive. *It seems* that in an action on the case in the nature of a writ of conspiracy, it is not necessary to declare that the conspiracy was without probable cause. " *Falsely and maliciously*" is enough. At all events it is good after verdict. The law implies damage from a conspiracy to accuse a person of an offence for which he is liable to indictment and removal from office.

### GRIFFITH *against* OGLE and KIMMELL.

THIS was an appeal from the Circuit Court of *Somerset* county.

It was an action on the case in nature of a writ of conspiracy. The first count in the declaration charged that the plaintiff being an associate justice of the Common Pleas of *Somerset* county, the defendants conspired falsely to charge him with the offence of taking illegal fees, and to cause him to be removed from office; and in pursuance of their malicious conspiracy did *falsely* and *maliciously* accuse and charge him with taking illegal fees. The

second count charged that the defendants conspired *falsely* and *maliciously* to accuse the plaintiff before the house of representatives, of taking and extorting illegal fees from a certain *Christian Hershberger*, and that in pursuance and execution of their said conspiracy, under false pretext and colour of legal process, they caused and procured *Hershberger* to appear before a justice of the peace, and prepared a certain writing in form of an affidavit, wherein it was falsely stated that the plaintiff had taken an illegal fee; and did endeavour to prevail on the said *Hershberger* to make his affidavit to the facts stated in the said writing, when they knew the contents of the writing to be absolutely false. The general issue was joined, and upon the trial in *October* 1802, the jury found for the plaintiff upon both counts, and assessed damages at 600 dolls. *generally.*

1806.

GRIFFITH
*v.*
OGLE.

Reasons were offered to the Circuit Court for a new trial, and in arrest of judgment, which they overruled in *October* 1804; and as the plaintiff died after the verdict, to wit, in *March* 1803, they ordered judgment to be entered as of a term when he was living. From this judgment the defendants appealed; and the case was now argued upon most of the points decided by the Circuit Court, by *Wilkins* and *Addison* for the defendants, and by *Riddle* and *Woods* for the plaintiff.

TILGHMAN C. J. delivered the opinion of the court, after stating the case.

The first question is whether the Circuit Court did right in entering judgment as of a term in which the plaintiff was living. Although this point has not been absolutely abandoned by the defendants' counsel, yet with great propriety it has not been urged as if they supposed it was tenable. Direct authorities have been cited by the plaintiff's counsel, in support of this practice. (*a*) It tends very much to the attainment of justice, and we have no doubt but it is perfectly regular.

Of the remaining points offered in support of a new trial, and in arrest of judgment, some have been abandoned by the defendants' counsel, and others insisted on. I shall confine myself to the latter. They may be classed under the following heads.

(*a*) *Cumber* v. *Wane*, 1 *Sra.* 426. *Tooker* v. *Duke of Beaufort*, 1 *Burr.* 148. *Trelawny* v. *Bishop of Winchester*, 1 *Burr.* 219.

1806.

GRIFFITH

*v.*

OGLE.

1. That the declaration does not state that the defendants conspired against the plaintiff *without probable cause.*

2. That the declaration does not allege that the plaintiff was put to any inconvenience, or suffered any loss or damage.

3. That the judge who tried the cause erred in charging the jury that the defendants had not proved probable cause.

1. The defendants' counsel have bottomed their arguments on the first point, on this position, that the analogy between actions for a malicious prosecution, and the present action is so great, as to warrant the conclusion that the declarations in both actions should be alike in alleging the want of probable cause. There is however a considerable difference between these actions. The action for malicious prosecution being founded on a malicious proceeding by the defendant in a court of justice, there is more reason for alleging in that action than in this, that there was no probable cause for the prosecution; because when legal process is issued, the presumption *prima facie* must be, that those proceedings were proper. This is founded on that respect which is due to the process of courts of justice. But even in actions for malicious prosecutions, no good authorities have been cited to shew that a declaration stating the prosecution to be false and malicious, is bad after verdict; and without expressing our opinion on a case not before us, we will only say that we are far from being convinced that in such case judgment should be arrested.

In a writ of conspiracy strictly speaking, it is sufficient to charge the defendants with a conspiracy falsely and maliciously to accuse the plaintiff of a crime, without saying any thing about probable cause. This action on the case in the nature of a writ of conspiracy, has been invented for the ease of plaintiffs, being attended with much less form than the old writ of conspiracy. When I say that two men conspired falsely and maliciously to charge me with an offence, I go far towards saying that they had no probable cause for their conduct; for if they had, they could not properly be said to have acted maliciously. Besides, if probable cause had been shewn, the defendants ought not to have been found guilty; and we cannot do otherwise than presume that probable cause was not shewn. Nay it appears on the record that the defendants had the full advantage of this point before the jury; and one of the errors which they have assigned is, that

the judge was mistaken in charging the jury that the evidence     1806.
on the part of the defendants did not prove that they acted on  ─────────
probable cause.                                                  GRIFFITH
                                                                    *v.*
2. The old writ of conspiracy charges a conspiracy in the de-    OGLE.
fendants; and that *conspiracy* is the ground of the action. In
the present action likewise the conspiracy is the gist of the action,
although it may be necessary to shew some act in execution of
it. The declaration does charge such act; and we are of opinion
that inasmuch as the conspiracy was to accuse the plaintiff of
an offence for which he was liable to indictment, and removal
from office, the law implies damage.

3. As to the opinion of the judge that the defendants had not
proved probable cause, we think he was right. It is meritorious
to make candid inquiries into the conduct of magistrates, and to
prosecute them in case of extortion. But light reports do not
justify such conduct as was pursued by the defendants; espe-
cially as the plaintiff had explained to Mr. *Ogle* the true nature
of the transaction, before he had taken any measure in pursuance
of the conspiracy.

Upon the whole we are of opinion that the judgment of the
Circuit Court should be affirmed with costs.

                                        Judgment affirmed.