* Parsons, C. J.
This action is trespass for breaking the plaintiff’s close, which is a part of the shore of Androscoggin river, in which the tide ebbs and flows, and is bounded on one side on the upland, and also adjoining to the plaintiff’s flats.
The defendant justifies under, and as one of the proprietors of the side-booms on Androscoggin river, a corporation created by the statute of 1804, c. 107. The breaking and entering of the close, and the carrying away of the logs, being admitted, as charged in the declaration, the sufficiency of this defence in law is submitted to the Court on the facts stated by the parties.
In this statement, it is agreed, that the said corporation had, previous to the trespass, laid a boom on the plaintiff’s said close, but without his consent, between high and low water marks ; that the defendant was one of that corporation, and owner of the logs carried away; that he placed them in the said close by direction of the corporation ; and that he carried them away, without paying the plaintiff any compensation for the damage done him by their being placed upon, or their removal from his close.
It was admitted for the defendant, that this invasion of the plaintiff’s right of property in his close is not justifiable, unless by the provisions of the statute already referred to. In looking into this statute, the first section is the only part that is applicable to the decision of the question before us. By this section, certain persons, and their associates, are made a corporation “ for making, laying, and maintaining side-booms in suitable and convenient places in Androscoggin river,” from the bridge to the narrows; within which limits, it is agreed, the plaintiff's close is situated.
But the power thus given to the corporation will not authorize *331 them to enter the close of any person without his consent, or to place logs thereon for their safe-keeping. As a corporation, they may obtain the consent of the owners of the shore, on such terms as the parties may agree * upon; but without [ * 395 ] such consent, any person entering on the close of another, as an agent of the corporation, is a trespasser.
Orr for the plaintiff.
Alden for the defendant.
The legislature might have appropriated the plaintiff’s close to public uses without his consent, provided a reasonable compensation had been made him therefor. But in this statute, no compensation is provided, nor any means of ascertaining or securing the payment of it declared. If, then, this act was construed to be an appropriation of the plaintiff’s lot for the use of the public, such appropriation would be unconstitutional and void. Therefore, whether the cor poration, under whom the defendant would justify, be created foi public uses, for the particular emolument of the proprietors, or for the benefit of the counties of Cumberland and Lincoln, between which the river, at the place described, forms the boundary, the claim of the defendant to enter and occupy the plaintiff’s close, as an agent of the corporation, cannot prevail; and he must be considered as having committed the trespass charged on him, and must, conformably to the terms of the agreement, be defaulted.

Defendant defaulted.

Note. This cause was submitted to the opinion of the Court at the last May term, and was then continued by their order for advisement. Before the present term, the defendant, Wilson, died Upon this fact being suggested to the Court, judgment was entered as of the last term in May ; the chief justice observing that where an action was delayed for the convenience of the Court, they would always take care that no party should suffer by such delay.