## Matthews Thacher *et al. versus* The Dartmouth Bridge Company.

A corporation is not authorized to appropriate private property to public uses, without the consent of the owner, unless it appear, either by the express words of the act of incorporation, or by necessary implication therefrom, that the legislature intended to confer such authority upon the corporation.

An act incorporating certain persons for the construction of a bridge, and conferring upon them authority to take the land necessary for such purpose, without the consent of the owner, and making no provision for his indemnification, is, in this respect, in contravention of the constitution of the Commonwealth, and is so far void.

This was trespass for breaking the plaintiffs' close in Dartmouth, digging up the soil, and erecting a toll house thereon, &c.

The defendants, in their plea, justified the breaking, &c. under *St.* 1827, *c.* 54, whereby they were constituted a corporation, and were authorized to erect a bridge over a certain bar in Apponegausett river, from the western shore, to the most convenient point on the eastern shore, and they averred, that the close in question was situated on the eastern side of the river, at a convenient point for the termination of the bridge.

The plaintiffs demurred.

*Coffin* and *Clifford*, for the plaintiffs, cited *Perry* v. *Wilson*, 7 Mass. R. 393 ; *Stevens* v. *Proprietors of Middlesex Canal*, 12 Mass. R. 466.

*A. Bassett* and *Ezra Bassett*, for the defendants.

*Oct. 28th.*

Shaw C. J. delivered the opinion of the Court. In the present case, it is admitted by the defendants, that the act of incorporation under which they were authorized to erect their bri lge, did not provide any mode of ascertaining or paying the damage, which any individual owners of land might sustain, by the appropriation of their property. We also understand, that by the act there is no express authority granted to the corporation to appropriate to themselves the use of private property, without the consent of the owners. The question then is, whether the plea filed in the case forms a good justification for an act, which, it is admitted by the pleadings, would be a violation of

*Oct. 29th.*

the plaintiffs' right of property and an act of trespass, without such justification.

In the first place, we think it very clear, that where the legislature, in the exercise of that high sovereign power, by which they are authorized to take private property for public uses, confer, or intend to confer, that power upon a corporation, they do it in express terms, or by necessary implication. It is not to be presumed, that such a power is intended to be granted, unless the intent to do so, can be clearly discovered in the act itself. In the present case, there is no such power in terms, and we think there is none by implication. It is not a satisfactory answer, to say, that without it the bridge could not be erected, because the consent of the owner might be obtained by gift or purchase of the land or an easement in it ; and it might be expected, that the proprietors, over whose lands it would pass, and who might probably be benefited by it, would readily yield their consent. *Perry* v. *Wilson*, 7 Mass. R. 393. If it be said, that with such consent, the proprietors might proceed without an act of legislation, and that such an act was principally necessary to enable them to take private property, the answer is obvious, that with the consent of all the private proprietors, over whose land it would pass, an act of the legislature would still be necessary, to enable them to erect a toll bridge over navigable water ; and without it such a bridge would be a nuisance and a usurpation of public rights, both as being an obstruction over navigable water, and as claim· ing a right to levy toll.

But supposing that the act could be so construed, as to confer a power on the corporation to take private property for public use, without providing for an equitable assessment, and for the payment of an adequate indemnity, the act would, in this respect, be in contravention of the constitution of this Commonwealth, and in this respect void ; and so would not afford the justification relied on. The consequence would be, that the party damaged would be remitted to his remedy at common law ; the wrongful act would stand unjustified by legislative grant. This has been so often decided in this Commonwealth, that it must be taken as a settled principle. *Chadwick* v. *Pro-*

*prietors of Haverhill Bridge*, 2 Dane's Abr. 686 ; *Stevens v. Middlesex Canal Co.* 12 Mass. R. 466.

So that whether the act of incorporation pleaded by the defendants, and which is to be deemed a public act, and taken notice of accordingly, did or did not confer the power of taking private property, for the erection of this bridge, as it made no provision for the security and payment of an indenmity to individual proprietors, such proprietors may assert their property and possession, in the same manner as if the law had not been passed.

<div align="center">

*Plea adjudged bad, and judgment for the plaintiffs.*