Dayton, J.
This case is on the paper for argument on a rule to show cause why the verdict for the plaintiff should not be set aside.
The case is not yet reached, but the counsel in anticipation thereof, if I understand the matter aright, desire the opinion of the court upon the following point:
After the return of the postea, and more than two terms since, the defendant died. The plaintiff asks whetherjudgmentcanbe entered as of the term to which the postea was returned ? For if not, it would be worse than useless to argue the case upon its merits.
I have no doubt that it would be the duty of the court to order *15 the judgment entered nunc pro tunc, if judgment be ultimately rendered for the plaintiff.
It is a rule of practice as well as of common justice, that the action of the court shall not be permitted to work an injury to a party. 2 Tidd Pr. 846; Ferry v. Wilson, 7 Mass. R. 393. The case last cited was an action of trespass, and verdict rendered for the plaintiff The action was continued for advisement, and before it was disposed of, the defendant died. The court say, where an action is delayed for its own convenience, they will take care that no party suffers by the delay, and judgment was thereupon ordered nunc pro tunc. And so it will be in this case, if ordered at all.
Horxblower, 0. J. and Ford, White and Nevitjs, Justices, concurred.
Cited in Den v. Johnson, 3 Harr. 87-92.