### BROWN *against* WHEELER.

*New-London,*
July, 1846.

Brown
*v.*
Wheeler.

The relation of landlord and tenant between a juror and the bondsman for the prosecution of the suit, is not a disqualification of such juror.

Where the plaintiff in an action of trespass *vi et armis*, in one count, alleging sundry wrongful acts of the defendants, on one day, claimed, that all the acts complained of took place, on that day, in the prosecution of a concerted plan of the defendants to get the plaintiff out of the house; and after the plaintiff had given evidence of an assault, by one of the defendants alone, early in the morning, she was proceeding to prove a subsequent assault, by the other defendant, when the defendants objected to the latter evidence; the court decided and charged the jury, that the plaintiff, under her declaration, could prove but one assault, and that the one she had elected to prove; but that if the acts complained of were parts of a concerted plan of the defendants, as claimed by the plaintiff, the evidence objected to was proper; it was held, that the course thus taken by the court was correct.

Where the complaint of a grand-juror, who had testified for the plaintiff in such action, was offered in evidence, by the defendants, to rebut the testimony of such grand-juror and of other witnesses; and there was nothing in the complaint inconsistent with such testimony; it was held, that the complaint was inadmissible.

Where the declaration charged a joint assault by the defendants; to which they pleaded jointly *Not guilty*, and informed the court, that this was intended to meet the declaration exactly; there was no claim by the plaintiff that one of the defendants could be subjected for an assault by the other, unless they acted in concert; the defendants claimed and requested the court to charge the jury, that if they should find one defendant guilty and the other not guilty, they should render a verdict accordingly; but the court, in view of the matters actually in controversy, submitted the case to the jury upon the evidence, directing them only, that if they should find the facts proved, as stated in the declaration, they must return a verdict against the defendants; and the jury returned such a verdict; it was held, that the defendants had no ground of complaint against the charge.

Where a verdict for the plaintiff was given, on the 6th day of the term; and a motion in arrest being filed by the defendants, the cause remained pending in court until the 15th, when the plaintiff died; it was held, that judgment might be rendered as of the day of the verdict.

In such case, it makes no difference whether the cause of action would, or would not, survive.

Though the plaintiff, in an action of trespass *vi et armis*, may show, that the assault complained of took place in the house occupied by him, as giving a character to the transaction; yet he will not be permitted to prove title in himself.

THIS was an action of trespass *vi et armis*, brought by *Esther Brown* against *George Wheeler* and *George F. Wheeler*. The declaration alleged, that the defendants, on the 25th of *March* 1844, at *North-Stonington*, with force and arms,

on the body of the plaintiff an assault made; and then and there, with great violence, seized and laid hold of the plaintiff; and then and there, with a stick and with their fists, gave and struck the plaintiff many violent blows and strokes on her head, face, breast, back and other parts of her body; and then and there, with great force and violence, shook and pulled about the plaintiff, and threw her on the floor and on the ground, and kicked her, and gave her many other strokes and blows; and also, then and there, with great force and violence, rent, tore and damaged her wearing apparel; and other outrages and enormities to the plaintiff, the defendants, then and there, did and committed.

The defendants pleaded jointly *Not guilty;* and on this issue the cause was tried, at *Norwich, March* term, 1846, before *Williams,* Ch. J.

On the trial, *Sanford Maine,* being called as one of the jurors, the defendants challenged his right to act in that capacity, because he was the tenant of *Latham Hull,* who had entered into a recognizance of 50 dollars to secure the costs in this suit, and thus had a direct interest in the event. The facts were proved: but the court, deeming them insufficient, overruled the objection, and ordered *Maine* to take his seat on the jury; which he accordingly did.

The plaintiff introduced evidence to prove, and claimed that she had proved, that early in the morning of the 25th of *March,* 1844, before breakfast, *George F. Wheeler,* one of the defendants, came alone to the house where the plaintiff was, and after some contention between him and the plaintiff and her son *Jedediah Brown,* he (*G. F. W.*) wrenched a cane from her hand, in doing which he brought her hand against the side of the door and knocked off a small piece of skin; and that after gaining possession of the cane, he ran away. The plaintiff then offered to prove, that after breakfast, on the same day, *George Wheeler,* the other defendant, came alone to the house, and committed a grievous assault and battery on the plaintiff, *George F. Wheeler* not being present. To this evidence the defendants objected, there being but one count in the declaration, and but one assault alleged in that count. The court decided and instructed the jury, that the plaintiff, under the allegations in her declaration, could prove but one assault, and that the one she had

first elected to prove; but that if the acts complained of <span>*New-London,* July, 1846.</span> were all parts of a plan concerted by the defendants, to get the plaintiff out of the house, the evidence objected to was proper. <span>Brown *v.* Wheeler.</span>

The plaintiff then introduced *Nelson Brown,* a grand-juror of the town, who testified, that he went to said house between 8 and 9 o'clock in the morning; remained there some time; examined the plaintiff's hurts and wounds; and heard her story; which he related; that he then went away, and about 11 o'clock of the same forenoon, signed a complaint as grand-juror, in behalf of the State against *George F. Wheeler,* for his conduct at this house; and that, by virtue of a warrant annexed to this complaint, he (*G. F. W.*) was arrested and tried. The plaintiff did not claim that any assault was committed after this grand-juror was at the house. The defendants thereupon offered in evidence the complaint of the grand-juror and the proceedings under it, to rebut and explain the testimony of *Nelson Brown* and the other witnesses for the plaintiff. This was objected to, by the plaintiff; and the court ruled it out, as irrelevant.

The plaintiff then offered the testimony of *Thomas P. Wattles,* to prove the declarations made by her in presence of one or both of the defendants, wherein she said, they assaulted her jointly and severally. The defendants objected to that part of *Wattles'* testimony, which tended to prove joint and several assaults. The court overruled the objection and admitted the testimony offered.

In the course of the trial, the plaintiff offered evidence, parol and documentary, to prove her title to said house. To this the defendants objected, there being no notice of a claim of title in the declaration, pleadings or otherwise. The court overruled the objection and admitted the evidence.

The defendants prayed the court to charge the jury, that under this issue they could find one of the defendants guilty, and the other not guilty. The court did not so charge the jury, but charged them, that if from all the testimony they should find the defendants guilty, they should return a verdict for the plaintiff to recover reasonable damages and costs; but if they should not find the defendants guilty, their verdict must be for them to recover their costs.

The jury returned a verdict for the plaintiff against both the defendants.

A motion in arrest of judgment was then filed ; which was pending from the 6th day of the term until after the 15th day ; on which day the plaintiff died. The counsel for the defendants thereupon claimed, that the suit was thereby abated, and that no judgment could be entered for the plaintiff upon the verdict. But the court decided that judgment might be so entered.

The defendants, claiming that the court erred in the several decisions above stated, moved for a new trial.

*Pomeroy* and *Foster*, in support of the motion, contended,
1. That *Maine*, the tenant of *Hull*, the bondsman, was disqualified to sit as a juror. *Hull* had a direct interest in the event of the suit. The law considers the influence which a landlord possesses over his tenant as sufficient to disqualify a judge. *A fortiori* it ought to exclude a juror. It will not be claimed, that *Hull* could sit as a juror. Could his tenant then ?

2. That the plaintiff, having alleged but one assault in her declaration, committed by both the defendants, and having proved, or attempted to prove, an assault by one of the defendants, cannot prove a subsequent and distinct assault by the other defendant. *Sedley* v. *Sutherland & al.* 3 *Esp. Ca.* 202. The plaintiff did not introduce or offer any evidence to prove a concerted plan between the defendants to do the acts complained of, in order to justify the course taken on the trial. *Colt* & al. v. *Eves*, 12 *Conn. R.* 243.

3. That the complaint of *Nelson Brown*, the grand-juror, and the proceedings under it, should have been admitted, to rebut his testimony. This evidence would have satisfied the jury, that his whole testimony as to the declarations and wounds of the plaintiff, was the result of an after-thought, and that, if they ever had existence, it was not on that day.

4. That the plaintiff, on the trial of this action under the general issue, could not give evidence of her title to real estate. There is no allegation of such title in the declaration ; and shall the defendant be held to answer for that which has not been alleged against him ? 1 *Archb. N. P.* 377. 1 *Saund. Pl. & Ev.* 105. Besides, if the plaintiff was owner of the

house and in possession, she may bring trespass *qu. cl. fr.*, which is of itself a substantive ground of action, and of a graver nature than the present. 3 *Stark. Ev.* 1454. Could the defendants in this case show want of title in the plaintiff, as a defence or in mitigation of damages?

5. That the court should have charged the jury, as requested by the defendants, that under the general issue, they could and ought, if they should find one of the defendants guilty, and the other not, to return a verdict accordingly. *Drake &* al. v. *Barrymore,* 14 *Johns. R.* 166. *Hayden* & al. v. *Nott,* 9 *Conn. R.* 367. A tort is in its nature several, though two or more join in committing it.

6. That the death of the plaintiff in this suit, after verdict and before judgment, abated the suit—*i. e.* no judgment could be rendered therein after the death of the plaintiff. There is no statute in this state that affects this question. It stands, therefore, as at common law; and by the common law, the death of a sole plaintiff, before final judgment, generally abates the suit. The only exception, if any, is where the right of action *survives* to the personal representatives of the deceased. Here the action *moritur cum persona.* It could not be brought originally, or be prosecuted, by an executor or administrator. The case of *Morris* v. *Corson,* 7 *Cowen* 281. was governed by the statute of *New-York;* (1 *Rev. Stat.* 144. *s.* 5.) which provides, that the death of either party, between verdict and judgment, in any action, shall not be alleged for error: but the court say explicitly, that at the common law it was *otherwise.*

*Strong,* (with whom was *Dixon,*) contra, contended, 1. That there was no disqualification of the juror. He was not the tenant of *the plaintiff.* The statute disqualification of judges is not applicable to jurors; but if it were, the relation in question would not constitute any disqualification. The relation which the statute speaks of, is one existing between the judge and a *party. Stat.* 131. (ed. 1838.) There can be no pretence, that the relation of landlord and tenant between a juror and a third person, who is neither a nominal nor real party, but has an interest in the event, is at common law a ground of exception to such juror.

2. That the course pursued by the court in relation to the

*New-London,*
*July, 1846.*
———
Brown
*v.*
Wheeler.

different assaults, was correct.   The defendants had but *one object* in all that they did ; and that was to drive the plaintiff from her home.   The successive means resorted to for the accomplishment of this purpose, must necessarily be proved in detail—one after another—as they occurred.   The court could not stop the plaintiff, when she had but half proved her case.   But all the evidence was restricted,  by the court, to the proof of but one assault, and that which the plaintiff had first elected to prove.   The defendants have nothing to complain of, on this point.

3. That the complaint of *Nelson Brown* against *George F. Wheeler*, was properly excluded as irrelevant.   It did not impugn the testimony of *Brown*, or of the other witnesses.

4. That the evidence offered by the plaintiff, to show that the assault complained of was made *in her own house*, was properly admitted.   In trespass,the attending circumstances, which give *a character to the transaction*, may always be proved.

5. That the charge as to the joint and several liability of the defendants, was unexceptionable.   The jury must have understood, that they were to find a verdict against the defendants, only in case they were both guilty.

6. That judgment was properly entered, after the death of the plaintiff.   The verdict had been given and damages assessed, before that event ; and nothing remained but the formality of entering judgment.   If this could not be done, justice would be defeated.   There are numerous instances in the books where judgment has been entered after the death of the plaintiff.   *Springfield* v. *Jane*, 4 *Cowen* 423. (*a*)   The distinction claimed by the defendants' counsel,  between causes which survive and those which do not, has not been sanctioned.   On the contrary, the court, in *Morris* v. *Corson*, 7 *Cowen* 283. say, " the remedy"—*i. e.* of entering judgment after the death of the plaintiff—" is not confined to cases where the cause of action survives, but is general."

WILLIAMS, Ch J.   1. The first ground on which a new trial is claimed, is, that a tenant to the person who gave bonds for prosecution, was permitted to sit as a juror.

(*a*) Other cases were referred to as being on the brief—which did not come into the Reporter's hands.

It is not claimed, that this is a statute disqualification. It must then be shown to be such by the common law. By the common law, when a person was counsellor, servant or tenant of the party on record, this was a disqualification; and perhaps the spirit of the rule might extend it to the tenant of the real party in interest, though his name did not appear on the record. But to say that it should be extended to the relations or tenants of those who might have a contingent interest in the event of the cause, would be to introduce a practice entirely new, and which would tend to impede, rather than advance, the cause of justice.

*New-London,*
July, 1846.

Brown
*v.*
Wheeler.

2. It was also claimed, that after an assault had been committed, by one of the defendants, the other defendant came to the house of the plaintiff, two hours after, and made another assault on her. The defendants claimed, that an assault having been proved, as the plaintiff contended, by one of the defendants, no other evidence could be given of a second assault, by the other defendant; and this general principle was not denied, there being but one count in the declaration. But the plaintiff claimed, and offered evidence to prove, that all the assaults complained of took place in one day, between the hours of six o'clock and ten o'clock in the morning, and that all that was done, was done by the defendants in pursuance of a common object and design. The court therefore admitted the testimony,—directing the jury, that the plaintiff could, under the allegations in this declaration, prove but one assault, and that only which she had first elected to prove. But that if they found, that these transactions were all parts of a plan concerted by these defendants, to get the plaintiff out of the house, and conducted in the manner claimed by the plaintiff, then the testimony was proper. And unless we are to suppose, that by one assault is meant the first blow given, and nothing more, we do not see what other course could have been taken, than was taken upon the trial. If the assault which first took place in the morning, was part of a series of acts concerted by these defendants, to free the house of this woman, then each was accountable for that and all other acts then done in pursuance of that object. To say they were distinct assaults, because a short interval of time elapsed between the blows, would be to give to the rule an operation which was never intended, and would tend to

encourage litigation, by dividing up a cause of action. It might as well have been objected, that the suit would not lie against both defendants, because both were not there at the same moment, as to say that all the acts which took place in this short interval did not constitute one assault. Whether the injuries constituted one transaction, was a question, which, under the claim of the parties, was a proper subject for the consideration of the jury ; and as such, it was submitted to the jury, who in effect have found it was one continued assault. The rule of law was admitted to be as the defendants claimed. The finding of the jury shows, that it did not apply to this case.

3. Again, the plaintiff offered the testimony of *Nelson Brown*, a grand-juror of the town, who testified, that he was called to this house, that morning, by *Jedediah Brown*, who complained of an assault upon him, by one of the defendants in the same house, the morning that he issued a complaint as grand-juror for the assault upon said *Jedediah ;* that he was there between nine and ten o'clock, and saw no assaults ; and that the plaintiff claimed no assault after eleven o'clock. Thereupon the defendants offered the complaint of said grand-juror and the proceedings under it, to rebut and explain the testimony of said *Brown* and the other witnesses. This was objected to ; and ruled out by the court, as irrelevant. As tending to affect the testimony of other witnesses, it was manifestly improper. The declarations of this witness, even if under oath, out of court, in another case, could not be admitted in this case, even if this man had not been a witness, and could not have been obtained—much less, when he was on the stand, and could have been examined in court upon these very subjects. Were it otherwise, we see nothing in these proceedings tending to contradict any evidence detailed of an assault upon the plaintiff. And as it respects the testimony of *Nelson Brown*, we know not how the complaint which he admits he made, tends to contradict his testimony in court. If it is claimed, that the inference is, that there was no asault upon the plaintiff, because there was one against *Jedediah Brown*, we do not admit any such inference. If it is claimed to be inferred from the fact that he complained of the assault upon *Jedediah*, and not upon *Esther*, that may have been because one complained to him, and the other did not ; or because he thought some other grand-juror should attend to one,

while he attended to the other. Or if it was admitted that *New-London, July, 1846.* he neglected his duty as grand-juror, we see nothing in that complaint, which was evidence to discredit his testimony on the trial; and therefore, it was properly ruled out.

*Brown v. Wheeler.*

4. Again, the defendants complain of the charge, because the jury were not told, that if they found one defendant not guilty, they must so find.

The declaration charges a joint assault, and no other, upon the defendants; and the defendants plead jointly not guilty. The judge, noticing this fact, and not knowing whether it was intentional or through inadvertence, enquired of the counsel what the plea was; and was informed, that it was intended to meet the declaration exactly. The defendants then claimed, that if the jury found one defendant guilty, and the other not guilty, they should render a verdict accordingly; which was not controverted on the part of the plaintiff. The court however chose to treat the case as the defendants had insisted their plea treated it, and told the jury, that if they found the facts to be proved, as stated in the plaintiff's declaration, they must return a verdict against the defendants. If the jury had been told, that if they found only one of the defendants guilty, yet as they had pleaded jointly, they might find a verdict against both, as was the case in *Hayden* v. *Nott.* 9 *Conn. R.* 367. they might have had reason to complain. But when we look at the declaration, and see that the assault charged was a joint assault only; that the plea of the defendants was expressly intended to meet that allegation; and when there was no claim that one could be subjected for an assault by the other, unless they acted in concert, we see no cause of complaint on the part of the defendants.

The defendants have been expressly found guilty of a joint assault. Why then shall they complain, that they ought not to have been found guilty, as if there was no joint assault?

Had there been a verdict for the defendants, perhaps the plaintiff might have complained, had she claimed to have proved one guilty alone. But we see no ground of complaint that the defendants have. It is enough that they have been found jointly guilty.

5. After verdict, a motion in arrest of judgment was made, which, either from the want of attention on the part of the mover, or from the usual course of business in court, was

pending from the 6th day of the term until after the 15th day; on which day the plaintiff died. The counsel then claimed, that the suit abated, and that no judgment could be entered up for the plaintiff upon the verdict. But the court ruled, that judgment might be entered.

An objection of this kind is so entirely technical in its nature, so contrary to the general principles of justice, that it is entitled to no peculiar favour; and in a case like this, where the party dies during the term, it seems that if it was necessary, the court, for the purposes of justice, might consider the term as if it was but one day; and formerly, it seems to have been holden, that in such cases the judgment might, at the discretion of the court, be considered as relating back at least to the day of the verdict. *Isley's* case, 1 *Leon.* 187. Now in this case, had it not been for the delay interposed by the motion of the defendant, judgment would have been rendered as of the day of the verdict. Shall then the plaintiff's case be prejudiced, either by the act of the defendants, or the delay of the court? We suppose the rule to be clearly settled, even in cases where a continuance had taken place, that if either party, after verdict, had died, in vacation, judgment might have been entered that vacation as of the preceding term; and it would have been a good judgment at common law, as of the preceding term. 2 *Tidd's Pr.* 846. And in a recent case of replevin, where after a verdict, a special case was made, and stood over more than two terms, and the avowant died before the special case could be argued, *Tindal,* Ch. J. said the delay was rather the act of the court, which is never allowed to prejudice the parties. *Green* v. *Cobden,* 4 *Scott,* 486. (36 *E. C. L.* 392.)

But it is needless to multiply authorities; for it is conceded, that this is law with respect to all cases which survive, and in which the executor may enter. But it is contended, that the practice does not extend to cases of tort, which do not survive. We find no such distinction made in the books. On the contrary, the general principle is laid down without such a limitation; and certainly we should not feel disposed to introduce such a limitation, as we do not think it founded in reason. On the contrary, we find that in cases which were of a character that they would not survive, this practice has been adopted; as in case of conspiracy; (*Griffith* v. *Ogle &*

al. 1 *Binn.* 172.) in trespass *quare clausum fregit;* (*Perry* v. *Wilson,* 7 *Mass. R.* 393–5.)   See also *Goddard* v. *Bolster,* 6 *Greenl.* 427.    *Craven* v. *Hanley, Barnes' Notes,* 255. *Collins* v. *Prentice,* 15 *Conn. R.* 423. 428.

So far, therefore, we see no ground for a new trial.

6. But there is another ground of complaint, that the plaintiff offered evidence, for the purpose of showing her legal title to the house in which the assault was made.   The defendant made an objection to the admission of this testimony : and it was admitted, without much consideration, as tending to give character to the transaction.   In actions of this kind, time, place and provocation are all to be considered ; and therefore, it was proper to prove, that the assault took place in the house occupied by the plaintiff.   If the plaintiff was in peaceable occupation of this house, that gave a character to this transaction, whether she was the owner of the house or not ; and there was no denial of that fact on the part of the defendants.   Why then should she be permitted to give proof of ownership ?   Is there not danger that the attention of the triers would be drawn away from the real case to a question which was of no importance ?   In addition to which, as no such facts were stated in the declaration, it might operate as a surprise upon the defendants, who may be wholly unprepared to meet it; and thus an undue influence may have operated upon the verdict.

Besides, if the plaintiff might give her title in evidence, to aggravate damages, it would seem to follow, that the defendants might, if they wished, give in evidence their own title to diminish damages.   But this, we believe, has never been allowed.   *Sampson* v. *Henry,* 11 *Pick.* 379.

On this ground, therefore, we advise a new trial.

In this opinion the other Judges concurred.

New trial to be granted.