## SUPREME COURT.

### DIEFENDORF agt. HOUSE.

In an action of ejectment, commenced in 1845, the defendant obtained a verdict in May, 1846; and plaintiff made and served a case to obtain a new trial. Defendant died in 1851, and in November, 1853, his attorney on record served amendments, the attorney for the plaintiff having verbally consented to the delay in serving the amendments—*held*, that the suit was still in court.

Although the plaintiff cannot finally obtain judgment, as the suit would abate if the verdict were set aside, yet a judgment upon the verdict might be conclusive as to title.

The practice of entering up judgment on a verdict after more than two terms after the death of a party, depends upon a rule of common law, that where parties are hung up by act of law, neither of them loses his right, but eventually judgment is entered up *nunc pro tunc*, as if the party were alive.

But the delay must arise from the act of the court. And, as it is a matter of discretion, if *laches* are imputable to the party interested in the judgment, the courts have refused to interfere.

It is irregular to serve papers in a cause upon the attorney after he becomes a non-resident of the state.

*Fourth District, Ballston General Term, May,* 1854. HAND, P. J. CADY, ALLEN, and JAMES, Justices.

There were two motions in this case, one by each party, to strike the cause from the calendar. The plaintiff moved on the ground that the suit had abated by the death of defendant, and also that there was no good service of notice of argument; the defendant, on the ground that the plaintiff had not served a copy of the case, &c., and he asked for judgment upon the verdict.

The suit was an action of ejectment, commenced in 1845, and was tried in May, 1846, when the defendant had a verdict; and plaintiff made and served a case to set it aside.

No amendments were served until November, 1853; but the delay in serving amendments had been by the verbal consent of the attorney for the plaintiff. . The defendant died in June, 1851. Mr. Darrow, the attorney for the plaintiff, had a partner until August, 1848, who principally took charge of the suit until the dissolution of the firm. D. went to the southern states in October last. After the death of the defendant, the plaintiff,

Diefendorf agt. House.

supposing the suit had abated, received his papers in the cause from his attorney. The amendments and notice of argument were served on the former partner of Darrow, and the notice was also left at the last boarding-place of the latter.

H. ADAMS, *for Defendant.*

T. B. MITCHELL, *for Plaintiff.*

By the Court—HAND, P. J. If the attorney for the plaintiff had become a non-resident of the state, service of papers on him, in any manner, would be irregular; nor could his former partner act in his name. The statute prescribes the practice in such cases. (2 *R. S.* 297, § 67. Chautauque Co. Bank agt. Risley, 6 *Hill,* 375.) But it does not appear from the affidavits whether he became a non-resident. Probably he has not; and if so, service could only be made on him as the attorney of record, and not on his former partner after the copartnership had been dissolved, and known to be so by the attorney for defendant. And the withdrawal by the plaintiff of his papers did not affect the defendant. However, under the circumstances, the plaintiff should have an opportunity to proceed to get rid of the verdict, if he desires to do so. A verdict having been rendered in the cause, the suit did not abate by the death of the defendant. Otherwise, in an action of ejectment, where a sole defendant dies before verdict. (7 *Pr. R.* 31.) Where there has been a verdict, and judgment thereon has been prevented by steps taken by the opposing party to obtain a new trial, a delay of more than two terms does not prevent the court entering up judgment, *nunc pro tunc,* if the verdict finally stands. And it seems the practice does not depend upon the statute of 2d *Car.* 2, *ch.* 8, nor upon our statutes. (2 *R. S.* 386, §§ 1–4; *id.* 308, § 32.) "But on the rule of common law, that when parties are hung up by act of law, neither of them loses his right, but eventually judgment is entered up *nunc pro tunc,* as if the party were still alive." (TINDALL, C. J., in Bridges agt. Smith, 8 *Bing.* 28; Spaulding agt. Congdon, 18 *Wend.* 543; Rightmyre agt. Durham, 12 *id.* 245; Springstead agt. Jayne, 4 *Cow.* 423; 2 *Saund. R.* 72, *n. n. p.;* Blavitt agt. Tregoning, 4 *A. and E.* 1002; *Adams*

on *Eject.* 298; 2 *Tidd,* 846.) It seems, however, to be matter of discretion, and where the delay is imputable to the *laches* of the party interested in the judgment, the courts have refused to interfere. (Lawrence agt. Hodgson, 1 *Y. and J.* 368; Copley agt. Day, 4 *Taunt.* 702.) The delay must arise from the act of the court. (Lanman agt. Ld. Audley, 2 *M. and W.* 535.) There has been great delay in this case, and more than two terms have long since passed. But this seems to have been in consequence of a mutual understanding after the plaintiff had taken steps to prevent judgment and obtain a new trial; and judgment is sought against the party who is alive; and the plaintiff has not been prevented from proceeding.

If the plaintiff succeeds in setting the verdict aside, either on the case, or by payment of costs under the statute, the suit will then be abated; and it seems hard for him to be kept in court in a cause in which he cannot finally obtain judgment. The court refused to hear a motion to set aside a *non-suit* after the death of the plaintiff, in an action for an escape; as it was a mere question of costs. (Seymour agt. Deyo, 5 *Cow.* 289.) But the defendant has a verdict in this case, and the plaintiff has something more at stake than the costs; as the judgment may be conclusive as to title. (2 *R. S.* 309, § 36.)

The cause is still in court, and the motion should be denied, that the parties may proceed as they shall be advised.

Denied, without costs.