## HOMMEDIEU a. STOWELL.

*Supreme Court, Sixth District; Special Term, Feb., 1865.*

### ATTORNEY.—REGULARITY OF EXECUTION.

Though an attorney residing out of this State cannot practise in the courts of the State as attorney, his subscription of an execution is only an irregularity to be corrected on motion, and does not render the execution void.

An execution so issued, within five years after judgment, will sustain a subsequent execution issued without leave.

Motion by defendant, Ephraim Ketchum, to set aside an execution issued on the judgment in the cause to the sheriff of Tioga county, in January, 1865.

The judgment was rendered in favor of the plaintiff against the defendants, who were Lucius Stowell, Henry Ketchum, and Ephraim Ketchum, on the 27th day of January, 1855, for $608.69 damages and costs, in the county of Cortland, and the same was docketed in the counties of Broome and Tioga.

The plaintiff's attorney in the cause was Augustus L. Ballard, Esq., who resided in the county of Cortland at the time the judgment was recovered; but he removed to the State of Wisconsin, and became a resident of that State prior to November, 1859, and he continued to reside in that State until he died in 1861 or 1862.

In November, 1859, an execution was issued on said judgment to the sheriff of Broome county, to which the name of said Ballard was signed, by his consent, by an attorney residing in this State; which execution was returned by said sheriff, wholly unsatisfied, in February, 1860.

The execution in question, to the sheriff of Tioga county, was issued without leave of the court.

Other facts were stated in the papers, but they need not be mentioned.

*A. McDowell*, for the motion.

*H. Ballard*, for the plaintiff.

BALCOM, J.—After Augustus L. Ballard, Esq., left the State and became a resident of Wisconsin, his name could not be used as plaintiff's attorney in enforcing the judgment. (The Chautauque County Bank *a.* Risley, 6 *Hill*, 375 ; Diefendorf *a.* House, 9 *How. Pr.*, 243 ; Richardson *a.* The Brooklyn C. & N. Railroad Co., 22 *Ib.*, 368.) The execution, to which his name was signed by his consent in 1859, was therefore irregular. But I do not think that execution was absolutely void, though the Code declares that the same must be " subscribed by the party issuing it or his attorney." (§ 289.) It was not a forgery, and was good in form. It was therefore only voidable by motion to set it aside. (*Grah. Pr.*, 2 ed., 363, 4 and 5.)

It follows that so long as that execution and the return on it stand, it cannot be said the second execution was irregularly issued, in January, 1865, because leave to issue it was not obtained of the court. (See *Code*, §§ 283, 284.)

For these reasons I am of the opinion the motion to set aside the second execution should be denied, with $10 costs, but without prejudice.

NOTE.—Chapter 43 of the Laws of 1862 (*Laws of* 1862, 139), authorizes certain non-resident attorneys to practise law in this State, " whose only office for the transaction of law business is within this State."