Follett, J.
The only question presented is, whether or not the court of common pleas erred in entering judgment after the death of John McKisson, nunc pro tuno, as of the day when the cause was submitted and he was alive.
It is well established, that to prevent injustice and to promote justice, judgments may be entered nunc pro tunc. This power has been exercised by courts from the earliest times. Mayor of Norwich v. Berry, 4 Burr. 2277; Tooker v. Duke of Beaufort, 1 Burr. 146; Freeman on Judgments, § 56, and cases cited.
In Dial v. Hotter, 6 Ohio St. 228, this court said: “ Where a defendant in an action for libel and slander, after the finding of a verdict against him in the court of common pleas, files, during the same term, and in compliance with the rules of the court, motions for a new trial and in arrest of judgment, and afterward dies, and the motions are continued to another term for hearing, the court may, if such motions be overruled, enter a judgment nuno pro tunc upon the verdict, as of the term in which it was found.”
In this case the parties had done all they could, the case was fully heard and submitted to the court and should abide _ the decision of the court.
*201 In Perry v. Wilson, 7 Mass. 393-395, the court say : “ Where an action is delayed for the convenience of the court, they will take care that no party suffers by such delay.” Therefore, where, after a continuance by order of the court for advisement, the defendant in the action died, judgment was entered as of a former term.
This position is supported by numerous decisions. Bank U. S. v. Weiseger, 2 Pet. 481; Clay v. Smith, 3 Pet. 411; Griswold v. Hill, 1 Paine 484; Gray v. Prignardello, 1 Wall. 636; Campbell v. Mesier, 4 Johns. Ch. 342; Freeman on Judg. § 57.
In Turner v. London and South Western Ry. Co., 17 Law Rep. Eq. Cas. 561, 565, Sir Charles Hall, V. C., examines Collins v. Lister, 20 Beav. 355, and Troup v. Troup, 16 W. R. 573, and states the law to be, that, “ Where a plaintiff dies after hearing but before judgment, the court has jurisdiction to date the judgment as of the date of the hearing.” And in Chitty’s Archbold’s Practice, Queen’s Bench (12 Ed. p. 1572), the rule at law is stated thus: “ The court will in general permit a judgment to be entered nune pro tuno, where the signing of it has been delayed by the act of the court. Therefore, if a party die after a special verdict, or after a special case has been stated for the opinion of the court, or after a motion in arrest of judgment, or for a new trial, or after a demurrer set down for argument, and pending the time taken for judgment, or whilst, the court are considering their judgment, the court will allow judgment to be entered up after the death nuno pro tunc, in order that a party may not be prejudiced by a delay arising from the act of the court.”
We think the action of the courts below is sustained by reason, and the great weight of authority, and the motion is overruled and the judgment is affirmed.

Judgment accordingly.