Hilker, Administratrix, *v.* Kelley.

No. 15,243.

## HILKER, ADMINISTRATRIX, *v.* KELLEY.

ABATEMENT.—*Action for Tort —Death of Plaintiff After Verdict Returned.— Judgment Nunc Pro Tunc.—Laches.*—In an action of tort which lapses with the death of the person, if the plaintiff die after verdict returned and before judgment rendered, judgment in favor of his personal representatives or sole heirs may be entered *nunc pro tunc,* unless such representatives or heirs are guilty of laches in moving for judgment.

INSTRUCTIONS.—*Evidence not in Record.—Rule as to those Given.*—If the evidence is not in the record, the Supreme Court will not reverse the judgment on instructions given, unless they are so radically wrong that they could not be correct as applied to any supposed case which might have been made under the issues.

From the Marion Superior Court.

*J. B. Black,* for appellant.

*J. L. Griffiths* and *A. F. Potts,* for appellee.

McBRIDE, J.—On the 1st day of May, 1888, the appellee recovered a verdict in the superior court of Marion county against Henry Hilker, in an action for personal injuries which she alleged she had sustained by reason of his actionable negligence.

Three days later, and within the term at which the verdict was recovered, Hilker, by counsel, filed a written motion for a new trial.

On the 11th day of May, 1888, while this motion was pending, and before it had been argued or submitted, Hilker died.

June 12th following, the appellee moved the court for a judgment in her favor on the verdict *nunc pro tunc,* as of the date of May 5th, 1888.

With her motion, and in support of it, she filed a showing of the foregoing facts: That immediately after the return of the verdict counsel for Hilker gave notice of his intention to file a motion for a new trial, which was in fact done May 4th, 1888, and that Hilker died intestate, leaving

Hilker, Administratrix, *v.* Kelley.

the appellant, Fredrika Hilker, his widow and his only heir at law.

On the 18th day of June, 1888, the appellee filed proofs of the service of the foregoing notice on said Fredrika Hilker and on Hon. James B. Black, who was the attorney of record of the decedent in the cause.

April 9th, 1889, the appellant, by counsel, appeared specially to the motion, and filed her written motion to quash the notice as to her, and to dismiss the motion for a judgment *nunc pro tunc.*

It is unnecessary to here set out the grounds of the motion, as they will fully appear hereafter. At the same time Hon. James B. Black, as *amicus curiæ,* filed his affidavit, showing that the appellee did not make any request, demand or motion for judgment on the verdict, before the filing of the motion for a new trial, or during the term of court at which the verdict was returned.

May 11th, 1889, the court overruled the motion of the appellant, and sustained that of the appellee, and rendered judgment on the verdict in favor of the appellee as of the date of May 5th, 1888, at the same time and by the same order and entry overruling the motion for a new trial filed by Henry Hilker May 4th, 1888. It was further ordered and adjudged that Henry Hilker should be deemed to have excepted, as of that date, to the overruling of his motion for a new trial, and that sixty days' time, from the date of the order be allowed to his heirs and personal representatives within which to prepare and file any bills of exceptions necessary to the saving of any exception taken by said Henry Hilker, and necessary to the perfecting of an appeal. Further and full orders were made, saving to the heirs and personal representatives of the decedent the rights of exception, of filing bills of exception and of appeal, without prejudice from lapse of time, from the entry of judgment *nunc pro tunc,* or otherwise.

The record shows that the appellee in open court con-

sented to the foregoing terms and conditions as conditions upon which her judgment was rendered. The judgment, on appeal to the general term, was affirmed.

The principal controversy is over the rendition of the judgment *nunc pro tunc.*

The question is new to this State, although, as will be seen hereafter, it has frequently arisen elsewhere. The nearest approach this court has ever made to the consideration of the question was in the case of *Stout* v. *Indianapolis, etc., R. R. Co.,* 41 Ind. 149. In that cause the original plaintiff, Peter Stout, recovered a verdict and judgment in the Marion Superior Court. On appeal to general term the judgment was reversed, and the cause was remanded to special term for a new trial. Stout appealed from the judgment of general term to this court, and died, the appeal to this court being prosecuted by his administrator. It was held that the judgment of reversal left the party without a judgment, and simply with an action pending; and that, as the cause of action did not survive, the power to prosecute the appeal, together with the cause of action itself, died with the plaintiff. If, in the case at bar, the superior court in general term had reversed the judgment rendered at special term; or, if at special term, the motion for a new trial had been sustained, the cases would have been substantially alike. The appellee would, in that case, have had merely a cause of action which died, with the defendant below. Here, however, when Hilker died the appellee's cause of action against him had merged in a verdict, and was no longer a mere cause of action. This, we think, is settled by the great weight of authority. In our opinion it is also equally well settled that in such cases the court may, on a proper showing of the facts, enter a judgment *nunc pro tunc,* as of a day anterior to the death of the defendant. *Brown* v. *Wheeler,* 18 Conn. 199; Freeman Judgments, section 56 *et seq.; Griffith* v. *Ogle,* 1 Binn. 172; *Perry* v. *Wilson,* 7 Mass. 393–5; *Goddard* v. *Bolster,* 6 Greenl. 427; *Craven* v. *Hanley,* Barnes' Notes, 255; *Collins*

v. *Prentice,* 15 Conn. 423 (428); *Dial* v. *Holter,* 6 Ohio St. 228; *Rightmyer* v. *Durham,* 12 Wend. 245; *Mackay* v. *Rhinelander,* 1 Johns. 408; *Diefendorf* v. *House,* 9 How. Pr. 243; Black Judgments, section 128. See, also, *Long* v. *Hitchcock,* 3 Ham. (O.) 274; *Lewis* v. *Soper,* 44 Maine, 72; *Gray* v. *Thomas,* 20 Sm. & M. 111; *Hess* v. *Cole,* 23 N. J. L. 116; *Ehle* v. *Moyer,* 8 How. Pr. 244; *Spalding* v. *Congdon,* 18 Wend. 542; *Kelley* v. *Riley,* 106 Mass. 339.

The case of *Brown* v. *Wheeler, supra,* was *trespass vi et armis.* Plaintiff recovered a verdict, and defendant died while a motion in arrest of judgment was pending. The court held that judgment should be rendered as of a term when the defendant was living, saying : " It is conceded that this is law with respect to all cases which survive, and in which the executor may enter. But it is contended that the practice does not extend to cases of tort, which do not survive. We find no such distinction made in the books. On the contrary, the general principle is laid down without such a limitation ; and certainly we should not feel disposed to introduce such a limitation, as we do not think that it is founded in reason. On the contrary, we find that in cases which were of a character that they would not survive, this practice has been adopted ; as in case of conspiracy, *Griffith* v. *Ogle,* 1 Binn. 172; in trespass *quare clausam fregit, Perry* v. *Wilson,* 7 Mass. R. 393 (395)."

*Dial* v. *Holter, supra,* was an action for slander. Verdict for plaintiff, and motions for new trial and in arrest. While these motions were pending the defendant died. The court said : " Personal actions, by the common law, as well as by our statute, abate by the death of the party. If, before verdict, such an event happens to one of the suitors, the case is brought to an end. But if after verdict, and before judgment, he dies, the rule is different. The right to recover being established, and the amount of damages determined by the verdict, it shall continue in force, and a judgment may be given upon it as of the term when it was rendered." The court, after citing some of the cases above

cited, says: "These and other cases to the same point, proceed upon the supposition that judgment might and undoubtedly would have been entered for the plaintiff in time, had it not been for the delay occasioned by the defendant in filing his motion for a new trial, and that when the motion does not prevail, it ought not to work any prejudice to the rights of the plaintiff.'

In *Diefendorf* v. *House, supra,* the court says that the practice of entering a judgment *nunc pro tunc,* as of a term prior to the death of the party, in such cases depends upon the rule of common law, "that when parties are hung up by act of law, neither of them loses his right, but eventually judgment is entered up *nunc pro tunc,* as if the party were still alive;" citing several authorities.

It is said, however, to be a matter of discretion, and if the delay is imputable to the laches of the party interested in the judgment, the courts will refuse to interfere. If the delay is caused by the act of the court in delaying its action, or of the opposite party, by interposing motions, or otherwise, the party not in fault is not to suffer by it. See also 1 Wait's Practice, 153; 33 Alb. Law Jour. 205; *Springfield* v. *Worcester,* 2 Cushing, 52, which in principle is analogous; Estee Pl. (3d ed.), section 3260; Tidd Pr. (4th Am. Ed.) 932; *Burnham* v. *Dalling,* 16 N. J. Eq. 310; *Campbell* v. *Mesier,* 4 Johns. Ch. 334; *Denoon* v. *O'Hara,* 1 Brev. (S. C.) 500; *Allston* v. *Sing,* Riley (S. C.) 29.

As above shown, the verdict was returned on the 1st day of May. The motion for new trial was made May 4th, and no steps were taken in the meantime by the appellee for judgment on the verdict. The showing, however, is that the defendant's counsel at once gave notice on the return of the verdict that they would move for a new trial. We do not think this delay was such laches as will deprive the appellee of the right to a judgment on the verdict.

Thus far we have considered only the one question as that

over which the principal, and we think the only substantial controversy is waged. Before leaving this branch of the case we feel impelled to express our obligation to counsel for the assistance they have rendered us in the examination of this question. The discussion by counsel for both parties is characterized by marked ability and great fairness.

Counsel for the appellant ask us to consider some of the questions raised by the motion for a new trial. It is insisted that the motion for a new trial should have been disposed of before ruling upon the motion for a judgment *nunc pro tunc*.

As above shown, the ruling of the court on both motions appear in the same order-book entry ; that on the motion for new trial being entered last. This, in view of the circumstances of the case, was at most a mere informality, and could not by any possibility have harmed the party.

Counsel discuss the sufficiency of the complaint, but, as the record shows no demurrer filed, and we find no assignment of error on that ground, the discussion is only pertinent as bearing on the exceptions taken to instructions.

It is claimed that the court erred in certain of the instructions given. As the evidence is not in the record, if the instructions given would be proper under any evidence that might have been given under the issues, this court will presume such evidence was in fact given.

In such a case this court will not reverse the judgment on instructions given, unless they are so radically wrong that they could not be correct as applied to any supposed case which might have been made under the issues. *Joseph* v. *Mather*, 110 Ind. 114 ; *Weir, etc., Co.* v. *Walmsley*, 110 Ind. 242 ; *Rapp* v. *Kester*, 125 Ind. 79, and cases cited in each.

In our opinion this will preclude the examination of all the instructions challenged except one relating to the measure of damages. After careful consideration of the objections urged to this instruction, we do not feel that we would be justified in copying it into the record or considering it at

length. We do not think the court erred in giving it. Indeed we find no error in the record.

Judgment affirmed.

Filed Feb. 19, 1892.