# HUTCHINSON *v.* BROWN.

JUDGMENTS, ASSIGNMENTS AND ATTACHMENTS OF; PRIORITIES OF
CREDITORS; NOTICE.

1. While judgment should not be entered upon a verdict until after
   the lapse of four days, or the disposition of a motion for a new
   trial, if it is entered on the same day as verdict rendered, it will
   not necessarily be held to be a void judgment in a contest to
   determine the right of priority as between an attaching cred-
   itor and an assignee of the judgment; *distinguishing* Walter
   *v.* Railroad Co., 6 App. D. C. 20.
2. Where in a damage suit judgment was so rendered on a verdict
   for the plaintiff, and immediately an assignment of it was made
   by plaintiff and it was entered to the use of the assignee, it was
   *held* in a suit in equity that the assignee was entitled to prior-
   ity over an attaching creditor whose writ of attachment was not
   served on the defendant until later in the same day.
3. In such a case, as against the attaching creditor, notice to the de-
   fendant of the assignment is not necessary to perfect the as-
   signee's right.

No. 518.  Submitted December 6, 1895.  Decided March 17, 1896.

HEARING on an appeal from a decree in a suit in equity
to determine the question of priority as between an as-
signee of a judgment and an attaching creditor.  *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Webb, Webb & Lindsley* for the appellants :

1. A judgment dates, not from the time the verdict is
received and approved in open court, but from the time of
the actual entry of the judgment.  The entry of judgment
in this case on the day the verdict was received was erro-
neous.  There was no judgment in fact until the court had
rendered its decision upon the finding of the jury, which
was more than a month after the receipt of the verdict.
*Walter* v. *Railroad Co.*, 6 App. D. C. 20.

A decision of a court is not technically a judgment, until in some form it has been entered of record. *Gunn* v. *Plant*, 94 U. S. 664; *Bank* v. *Weckler*, 32 Md. 30. The time of the receipt of the verdict has nothing to do with the case, since the verdict was entirely dependent upon the action of the court, and gave no property rights whatever until the court had acted. 12 Am. & Eng. Ency. Law, 59; *Thompson* v. *People*, 23 Wend. (N. Y.) 587; *Truett* v. *Legg*, 32 Md. 147. It is the judgment or decree of the court which concludes, and not the verdict of the jury. *Saylor* v. *Hicks*, 36 Pa. St. 392.

2. Can a judgment be shown to have been actually pronounced at a particular moment of the day of its rendition? This question should be answered in the affirmative so far as the question refers to the determination of priorities, in which event the *precise moment* on which the judgment became operative, as well as the precise day, may be the controlling fact upon which the rights of the parties claimant may hinge. The day on which the judgment became operative was the question in *Walter* v. *B. & O.*, *supra*, and the parts of the day have often been in question in important cases before the Supreme Court. *Louisville* v. *Bank*, 104 U. S. 469; *Bank* v. *Burkhardt*, 100 U. S. 686; *Burgess* v. *Salmon*, 97 U. S. 381; *Newball* v. *Sanger*, 92 U. S. 761; *Gibson* v. *Choutcau*, 13 Wall. 52; *Taylor* v. *Brown*, 147 U. S. 640.

The burden is on the defendant, Chapin Brown, to show that at the earliest moment of the day on which he claims delivery to him of the assignment from S. P. Brown, the judgment attempted to be assigned and transferred thereby did at that moment exist as a valid adjudicated debt due from the Penn. Railroad Co. to S. P. Brown. If he fails to show this the delivery to him is null and void, and he takes nothing by the assignment.

3. No valid assignment can be made in the District of Columbia of a claim for personal injuries before it has passed into judgment, for the reason that there is no debt

capable of assignment in such an action until it has passed into a judgment with all its necessary formalities. An assignment of a claim for a personal injury, immediately after verdict and before judgment is rendered thereon, is absolutely void. *Rice* v. *Stone,* 1 Allen, 566 ; *Stone* v. *Railroad Co.,* 7 Gray, 539 ; *Linton* v. *Harley,* 104 Mass. 353 ; *Crouch* v. *Gridley,* 6 Hill, 250.

4. The attempted assignment of such claim cannot be regarded in equity as an assignment of an expectancy that will attach to a judgment that may be rendered therein immediately upon its rendition, for the reason that there is between verdict and judgment no debt and nothing which law or equity regards as an *expectancy,* for by that word is always meant an estate or ascertained fixed right to which the enjoyment only is not *in præsenti* but *in futuro. Gardner* v. *Adams,* 12 Wend. 297 ; *Dunklin* v. *Wilkins,* 5 Ala. 199 ; *Dickinson* v. *Seavor,* 44 Mich. 624 ; *Rice* v. *Stone,* 1 Allen, 566.

5. The lien of the attachment against credits attaches from the moment of *service* on the debts, and holds all property of the creditor coming into the hands of the garnishee up to the time of judgment of garnishment. The attachment first served on the garnishee binds. *McCobb* v. *Tyler,* 2 Cranch C. C. 199 ; *Crosby* v. *Hillyer,* 24 Wend. 279 ; *Pritchard* v. *Tool,* 53 Mo. 356 ; *Wallace* v. *Forrest,* 2 Har. & McHen. 261.

The assignment takes effect immediately on delivery and acceptance by the assignee and takes full effect as a transfer of the property. Burrill on Assignments, sec. 269. But in order to perfect his title against the debtor it is indispensable that the assignee should immediately give notice of the assignment to the debtor. *Spain* v. *Hamilton,* 1 Wall. 623.

6. An attachment issued before the actual rendition of a judgment will be valid and attach immediately thereupon. The law of the District of Columbia is the same as in Maryland. Act of 1795, ch. 55, sec. 115. The courts of

Maryland have uniformly held that under this act an attachment affects all property and credits of the debtor in the hands of the garnishee or which may come to his hands at any time after laying the attachment and before trial. *Bank* v. *Bank*, 31 Md. 404 ; *Devries* v. *Buchanan*, 10 Md. 210 ; *Delcher* v. *Crook*, 56 Md. 55 ; *Bank* v. *Taggers*, 31 Md. 38 ; *Loflin* v. *B. & O. Railway Co.*, 63 Md. 76.

*Mr. A. S. Worthington* and *Mr. E. S. McCalmont* for the appellee.

*Mr. Justice* SHEPARD delivered the opinion of the Court:

This is the second of two appeals growing out of one suit. The controversy is over the proceeds of a judgment recovered by S. P. Brown against the Baltimore and Potomac Railroad Company in an action of damages for personal injuries. The railroad company filing the bill of interpleader paid the money into the registry of the court and was discharged with its costs. The first appeal involved the priority of the claim of the attorneys to a part of the fund that had been realized through litigation conducted by them to a successful issue, and was decided in their favor. 7 App. D. C. 548.

The question here involved is of priority to the remainder of the fund between Chapin Brown, the assignee of the judgment. and the appellant, the attaching creditor.

The record shows that the jury returned a sealed verdict for the plaintiff in the damage suit, which was received and read in open court on the morning of March 15, 1892. During the same morning the judgment on said verdict was actually entered in the minutes, according to the prevailing custom, though regularly it should have been withheld until after motion for new trial had been made and overruled, for there was no rule in force changing that of the common law. *Walter* v. *B. & O. Railroad Co.*, 6 App. D. C. 20.

In expectation of a verdict for the plaintiff, appellant had caused writs of attachment, upon certain unsatisfied judgments against S. P. Brown, to be prepared, ready to be signed, issued, and served upon the defendant. Chapin Brown, the son of the plaintiff, and claiming to be a creditor, anticipating the same result, had caused an assignment of the judgment to be executed by the plaintiff to him, as well as an order to the clerk to enter the same to his use.

Those instruments were at once delivered to Chapin Brown, who went immediately from the court room to the office and presented them to the clerk. At the same time, counsel for the appellant was preparing an order to the clerk, at his demand, to issue the writs of attachment, and the clerk informed him of the assignment and order aforesaid. The attachments were issued and served on the railroad company on the same day.

The defendant in that suit, however, filed a motion for a new trial on March 17, which was not acted on finally until about May 7, when it was overruled upon the plaintiff's entry of a *remittitur* in the sum of $2,800, whereby the judgment was reduced to $4,700.

Chapin Brown claimed that his father was indebted to him in a large sum for advances made to him from time to time, and that the assignment was made in consideration thereof. The foundations of this claim are rather vaguely stated, but no attack was made upon it, and for that reason, possibly, its particulars were not entered into. The decree was in favor of Chapin Brown for the whole of the fund remaining after the payment of the charges of the attorneys.

It is contended on behalf of the appellant, that the entry of judgment upon the verdict was irregular, and of no legal effect ; that the judgment could not be entered and could have no effect until after the motion for new trial had been overruled ; and that no assignment could be made of a mere claim for damages in such an action, that being its legal status at the time the assignment was executed and delivered.

It was held and properly so, in the case of *Walter* v. *B. & O. Railroad Co.*, 6 App. D. C. 20, that, under the rule of the common law, in force in this District, the judgment should not be entered upon a verdict until after the lapse of four days ; and if, during that time, a motion for a new trial should be made, not until disposition thereof.   In that case the judgment had in fact been entered immediately after verdict, and the question arose on the appellee's motion to dismiss because the appeal had not been taken within twenty days thereof, though within twenty days from the time the motion for new trial had been overruled.

In the absence of a controlling statute, the time from which a judgment may be said to have effect, that is to say, the time at which the cause of action shall be considered as having become merged in the judgment, must necessarily depend, to a great extent, upon the operation sought to be given it.

The question as it occurs in this case is a very different one from that presented in the case cited above.   There the losing party could not know that he had anything to appeal from until his motion for new trial should be disposed of.   The judgment, improperly entered at the time, was not absolutely void, though it had no effect in so far as the right of appeal was concerned until the motion had been overruled ; for other purposes it might, notwithstanding, have related back to the very moment when the verdict was received.

The judgment is the necessary legal consequence of the receipt of the verdict ; it is the operation of the law.   The entry of the judgment is a ministerial act to be performed by the clerk.   It is the evidence of the judgment that has been pronounced by the court.   Black on Judgments, sec. 106 ; Freeman on Judgments, 38 ; 3 Blackstone Com. 396.

As a result of that doctrine, it has been often held that a judgment may be entered *nunc pro tunc*, as of the date of the verdict, where the plaintiff has died pending the motion of the defendant for a new trial ; and it makes no dif-

ference that the action may be one that does not survive. *Griffith* v. *Ogle*, 1 Binney, 172 ; *Brown* v. *Wheeler*,. 18 Conn. 199, 207 ; Black on Judgments, secs. 127., 128 ; Freeman on Judgments, sec. 38.    See also *Mitchell* v. *Overman*, 103 U. S. 62, 65.    In this last case the Supreme Court approved the entry of a final decree in equity as of the date of the submission of the cause, where the complainant had died thereafter.

For the purposes of this case, our conclusion is that the claim for damages must be considered as having ripened into judgment when the verdict was received.   This view is not affected by the circumstance that the judgment was in fact entered immediately thereafter ; for had it been withheld until after the motion for new trial had been acted upon, it would relate back to the same time.

Whenever it is important, in the interest of justice, as, for instance, in the determination of priorities and the like, the fictions of law will be disregarded, and inquiry permitted into the very time that judgment was pronounced or action taken.   *Anderson* v. *Tuck*, 33 Md. 225 ; *Newhall* v. *Sanger*, 92 U. S. 761.

Under the conclusion reached as regards the time when the judgment took effect, the question raised as to the right to assign a right of action for damages for personal injuries has become unimportant and need not be decided.   It may be said, however, that the general test of assignability seems to be, whether, by the laws in force in the particular jurisdiction, the action is one that will survive.   *Comegys* v. *Vasse*, 1 Pet. 193, 213 ; *Final* v. *Backus*, 18 Mich. 218, 231 ; 3 Pom. Eq. Jur., sec. 1275.

Conceding the invalidity of an assignment of such a claim in this District, it does not follow that it would not be given effect in equity as an assignment of a possibility or expectancy, capable of enforcement as an assignment of, or a charge upon, a subsequent judgment thereon, or its proceeds.   *Baylcr* v. *Commonwealth*, 40 Pa. St. 37 ; *Stone* v. *Eyeleshimer*, 42 N. Y. 620 (3 Keyes, 620); Adams Eq.

54, 55 ; 3 Pom. Eq. Jur., sec. 1287 ; 2 Story Eq. Jur.; secs. 1040, 1040*b*.

The doctrine, so firmly established, that attorneys may, by contract at the commencement of litigation, obtain an assignment of part of the judgment to be recovered in an action of damages, that will be enforced as against the assignor and his creditors, can rest upon no other logical foundation.

The testimony is involved in some confusion, by reason of conflicting endorsements of the hour of the day upon the papers filed and issued, as to whether the attachments were signed, ready for execution, before the delivery to the same clerk of the assignment and the order to enter judgment to the use of the assignee ; but there can be no doubt that these occurred before service of the attachments was had upon the defendant in the judgment.

It is conceded that the lien of the attachments could operate from the time of service only, and it remains to consider whether, as against the attaching creditor, notice of the assignment, to render it complete, must also have been given to the defendant in the judgment.

Without pausing to consider whether, as the defendant was still in court, notice to it of the assignment of the judgment and the order of entry to the use of the assignee, would be presumed, we are of the opinion that notice was not necessary to the perfection of the assignee's right to the fund. *Spring* v. *S. C. Ins. Co.,* 8 Wheat. 268, 288 ; *Dix* v. *Cobb,* 4 Mass. 508 ; *Thayer* v. *Daniels,* 113 Mass. 129, 131 ; *Pullman* v. *Hart,* 1 Pa. St. 263 ; Drake on Attachments, sec. 608.

It follows from the conclusions announced that *the decree must be affirmed. In consideration of the nature of the case, the costs of appeal will be paid out of the fund in the registry of the court. It is so ordered.*