# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued December 7, 2007          Decided February 1, 2008

No. 06-7179

RICHARD F. SMITH AND
MARINE CARRIERS (USA), INC.,
APPELLEES

v.

RAJ K. MALLICK,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 96cv02211)

*Kenneth J. Loewinger* argued the cause for appellant. With him on the briefs was *Patricia B. Millerioux*.

*Joseph G. Cosby* argued the cause for appellees. With him on the brief was *Thomas E. Patton*.

Before: GINSBURG, *Chief Judge*, and ROGERS and BROWN, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* BROWN.

BROWN, *Circuit Judge*: Raj Mallick appeals the district court's denial of his motion for relief from judgment under Rule 60(b)(5) of the Federal Rules of Civil Procedure. He claims his agreement with eDebt Management, Inc., to which Richard Smith had assigned the judgment, discharged the judgment against him. We agree and reverse the district court's denial.[1]

I

After Mallick failed to make payments under a settlement agreement with Smith and Marine Carriers (USA), Inc. (we refer to both as "Smith"), Smith obtained a judgment against Mallick. In 2002, Smith assigned all of his rights in that judgment to eDebt for $5; eDebt agreed to collect from Mallick, returning 60% of any future recovery and keeping the rest. eDebt and its lawyer, Lori Frank, notified Mallick of this assignment. Roughly a year later, when Smith heard eDebt was no longer trying to collect, Smith asked eDebt to reassign the judgment to him—which it did on October 15, 2003. No one notified Mallick or Frank.

Although eDebt's president, T. Gordon Cranston or Gordon C. Cranston,[2] personally acknowledged the reassignment, Frank continued to negotiate a settlement with Mallick. Before the reassignment, Mallick had offered eDebt $20,000 and real property he and his wife owned for a discharge of the judgment against him. In November 2003, eDebt agreed to this, provided Mallick acted with alacrity. Mallick immediately sent two certified checks and a deed to Frank by overnight delivery; she sent the money and a copy of the deed to eDebt, and forwarded

---

[1] We dismiss as moot Smith's motion to strike two pages of the Appendix because we have not relied on them in deciding this appeal.

[2] These names may have been aliases. *See* Appendix (App.) 20.

to Mallick a *praecipe* instructing the clerk of the district court to "note [the] judgment as paid, satisfied and released." App. 14. On the line reserved for Smith's signature was Cranston's signature and the notation "poa." The scheme unraveled when Smith heard about and objected to the arrangement. As the lawyers for Mallick, Smith and eDebt tried to resolve the miscommunication, eDebt and its president vanished.

Smith believes he is not bound by Mallick's agreement with eDebt because eDebt had no interest in the judgment at the time it accepted Mallick's offer. Mallick, naturally, disagrees; he filed a motion for relief from the judgment—a motion the district court denied.

## II

We review the district court's denial of a Rule 60(b) motion for abuse of discretion unless its decision was based on a legal error for which our review is *de novo*. *Horowitz v. Peace Corps*, 428 F.3d 271, 282 (D.C. Cir. 2005). We adopt District of Columbia law in determining who prevails.[3] *See Makins v. District of Columbia*, 277 F.3d 544, 548 (D.C. Cir. 2002) ("Aside from cases in which a settlement agreement is sought to be enforced against the United States, or in which there is a

---

[3] While the parties assume the District's substantive law applies, other states appear to have an interest in having their substantive law applied. eDebt was a Colorado corporation, Smith appears to be a New Jersey resident, and Marine Carriers is either a New York or New Jersey corporation. However, neither party has argued that the substantive law of another state should apply under *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487 (1941), or under a different federal conflicts-of-law rule. *See UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 705 n.8 (1966). We thus assume the District's substantive law applies.

statute conferring lawmaking power on federal courts, we adopt local law in determining whether a settlement agreement should be enforced." (internal citations omitted)).

"[T]hat [Mallick] may not have been aware that a reassignment occurred," the district court wrote, "cannot possibly mean that an agreement with someone who no longer owned the debt could possibly be effective." *Smith v. Mallick*, No. 96-2211, 2006 WL 2193807, at *8 (D.D.C. Aug. 3, 2006). This may seem intuitive, but the rule is exactly the opposite. Although a valid assignment of a chose in action requires no notice to the obligor, *Hutchinson v. Brown*, 8 App. D.C. 157 (D.C. Cir. 1896), the assignee takes it subject to all claims and defenses that accrued before the obligor had notice of the assignment, *see Gen. Elec. Credit Corp. v. Sec. Bank of Wash., D.C.*, 244 A.2d 920, 923 (D.C. 1968); RESTATEMENT (SECOND) OF CONTRACTS §§ 336, 338 (1981). The assignee could have protected his rights by giving the obligor notice of the assignment; he was after all in the best position to do so. *See* 9 ARTHUR LINTON CORBIN, CORBIN ON CONTRACTS § 890, at 510 (interim ed. 2002). Accordingly, we reject Smith's contention that eDebt and Mallick's agreement cannot bind him absent an agency relationship between him and eDebt.

The district court's failure to focus on the operative rule is understandable. Mallick relied primarily on an agency theory, which the record plainly refutes.[4] And he relied on a provision

---

[4] Mallick contends that eDebt had lingering authority to settle the judgment on Smith's behalf because he had no notice of the reassignment. The lingering authority doctrine protects third parties who reasonably assume that an agent's actual authority is ongoing until they have notice of circumstances that make it unreasonable to so assume. RESTATEMENT (THIRD) OF AGENCY § 3.11 cmt. c (2006). But correspondence between Mallick's lawyer and eDebt's lawyer

of Article 9 of the Uniform Commercial Code as enacted in the District,[5] which permits a debtor to pay the assignor until the debtor receives notice of the assignment, *see* D.C. CODE § 28:9-406(a) (2001). Under this provision the district court concluded that Mallick may be entitled to a credit for his performance to eDebt, but he took "an improper leap" by stretching this provision to cover the "full and final release of his judgment." *Smith*, 2006 WL 2193807, at \*8. Only in his opening brief in this court does Mallick cite section 28:9-404(a)(2), which reflects the rule on which this case turns.

Although Mallick did not alert the district court to the rule, "it is best to excuse the forfeiture" here. *See Mwani v. bin Laden*, 417 F.3d 1, 11 n.10 (D.C. Cir. 2005). "Federal courts are entitled to apply the right body of law, whether the parties name it or not." *Id.* Moreover, Mallick identified the correct principle by asserting that Smith is bound by Mallick's agreement with eDebt because Mallick concluded it before having notice of the reassignment and citing section 28:9-406(a)—simply a different expression of the operative rule. In any event, Mallick cited section 28:9-404(a)(2) in his opening brief and correctly asserted that it reflects the common law; meanwhile, Smith "failed to

indicates clearly that Mallick never assumed eDebt to be acting on Smith's behalf. *See* Letter from Kenneth J. Loewinger to Victoria J. Targosz (Apr. 22, 2003), App. 5 ("As I understand it, this judgment has been assigned and sold. Please advise who is the legal holder of the judgment."); Letter from Victoria L. Targosz to Kenneth J. Loewinger (May 6, 2003), App. 6 ("Edebt Management, Inc. is now the legal holder of the judgment. This ownership interest was taken on August 23, 2002. Mr. Richard F. Smith transferred this judgment by assignment.").

[5] Article 9 does not apply to the assignment of judgments. D.C CODE § 28:9-109(d)(9). However, the provisions at issue here reflect the common law.

object" and "thereby waived [his] right to complain." *See Nat'l Fed'n of Fed. Employees v. Greenberg*, 983 F.2d 286, 288 (D.C. Cir. 1993).

## III

Smith does not deny Mallick lacked notice of the reassignment when eDebt accepted Mallick's offer and agreed to discharge the judgment against him. Nor does Smith claim Mallick's agreement is otherwise invalid. Under the agreement, eDebt accepted real property neither eDebt nor Smith could have obtained through foreclosure because Mallick held the property jointly with his wife. For this reason, Mallick argues the agreement is valid and discharges the judgment against him.

The district court properly rejected his characterization of this transaction as an "accord and satisfaction" because the judgment is liquidated. *See Pierola v. Moschonas*, 687 A.2d 942, 948 (D.C. 1997). Although Mallick's label is wrong, his argument is correct. "If an obligee accepts in satisfaction of the obligor's duty a performance offered by the obligor that differs from what is due, the duty is discharged." RESTATEMENT (SECOND) OF CONTRACTS § 278(1); *see also Interdonato v. Interdonato*, 521 A.2d 1124, 1134 (D.C. 1987) ("[A] release, like any other contract, must be supported by sufficient consideration, and the consideration is not sufficient unless the releasor receives something of value to which he or she had no previous right."). Because neither eDebt nor Smith could have obtained this property through foreclosure, Mallick gave performance different from what was due, and eDebt's acceptance discharged the judgment against him.

We therefore reverse the order of the district court and remand for further proceedings consistent with this opinion.

*So ordered.*