R. B. JONES *v.* CAPERTON & WEEKS et als.

A law partnership is an ordinary one, and the partners are bound jointly but not *in solido.*

APPEAL from the District Court of the Parish of Morehouse, *Richardson,* J. *Newton & Hall,* for plaintiff. *John T. Ludeling,* for defendant and appellant. *S. G. Parsons,* for defendant, *Weeks.*

VOORHIES, J. The plaintiffs placed into the hands of the firm of *Caperton &*

*Weeks*, attorneys-at-law, two drafts, one for the sum of $350, and the other for the sum of $1,200.

The former draft was collected; but the last mentioned one does not appear to have been paid. The attorneys received on account, from one *Silbemayd*, the sum of four hundred dollars; but, subsequently, the drawee having refused to pay the draft, this amount was refunded by *E. B. Pettis*, who thereupon gave his note to *Caperton & Weeks*, for the sum of $800, and to whom the latter, in consideration, transferred the draft of $1200.

*R. B. Jones* sued *Caperton & Weeks* for the amount of the two drafts, amounting to $1550, and *Pettis* for the amount of his note of $800. Judgment was rendered in favor of the defendant *Weeks* against the plaintiff, and in favor of the latter against the other two defendants.

*Caperton* alone appealed. It therefore becomes necessary to determine only the question of his liability to the plaintiff. The judgment of the District Court is not open to revision in other respects. As between the appellees, the judgment cannot be amended: they cannot be heard, except as against the appellant.

The defendant *Caperton* pleads in reconvention and compensation, 1st., their commission of $120 for collecting the draft of $1200; 2dly, a solidary obligation of $1000, executed by the plaintiff, with other parties as obligors; and 3dly, moneys expended for the plaintiff's use.

With regard to the draft of $350, it is admitted that it is entitled to a credit of $280 40, leaving a balance due of $69 60. But this amount is extinguished by the item of $100, paid for expenses incurred to obtain a writ of *habeas corpus*. The difference, $30 40, must be credited to the draft of $1200.

The evidence shows that *Caperton & Weeks* did not collect, but transferred the draft of $1200. They were, consequently, not entitled to a commission of $120. On the other hand, this transfer has been expressly ratified by the plaintiff, in making *Pettis* a party defendant in these proceedings. The firm of *Caperton & Weeks* are bound to refund the $400 obtained from *Silbemayd*, and to return the $800 note furnished by *Pettis*. They were entitled to a balance of $30 40. This being deducted, leaves the sum of $369 60, due by the firm, independently of *Pettis'* note.

The plaintiffs must remunerate the defendants, *Caperton & Weeks*, for the services rendered by them in suing out writs of *habeas corpus* in his favor. The testimony of the witnesses upon this subject is not of such a character as to justify the conclusion, that these services were not to be remunerated.

There were four persons prosecuted jointly with the plaintiff for the offence of shooting with intent to commit murder. They executed their note *in solido* for the sum of $1000 in favor of *Caperton & Weeks*. The Grand Jury preferred no indictment; an information was filed by the District Attorney, but was afterwards withdrawn. There ended the prosecution. The consideration of the note having partially failed, it is evident that a reduction of the note must follow; and we think that the defendants' services were worth the sum of two hundred and fifty dollars.

This leaves a balance of $119 40 in favor of *R. B. Jones* against the firm of *Caperton & Weeks*.

A law partnership being an ordinary one, the liability of *Caperton* is fixed in the sum of $59 70, independently of the liability on the *Pettis* note.

It will be seen that the defendant and appellant was allowed to plead in recon-

vention the claims which the firm had against the plaintiff. The reason of this is, that the parties are not residents of the same parish. See Art. 375 C. P., as amended by the Act of 1839.

It is, therefore, ordered and decreed, that, as regards the appellant, *Caperton*, the judgment of the District Court be avoided and reversed ; and that the plaintiff do have judgment against the said *Caperton* for the sum of fifty-nine dollars and seventy cents, with legal interest from judicial demand ; that the said *Caperton* do, within a delay of ten days from the return of the mandate in this case, deliver to the plaintiff the note of eight hundred dollars subscribed by *E. B. Pettis*, and, in case of failure to comply, that execution issue in favor of the plaintiff against the said *Caperton*, for the additional sum of four hundred dollars, with legal interest from judicial demand.

It is further ordered, that the plaintiff pay the costs of appeal, and the appellee the costs of the District Court.