THOMAS HARLAND et al., Respondents, *v.* CHRISTIAN H. LILIENTHAL, Appellant.

An attorney, properly qualified and practicing as such, in the absence of a statutory provision or of a rule of court prohibiting it, can recover for services rendered upon the employment of a client, although he may not have been formally admitted to practice in the court where the services were rendered. Even if there be a statute or rule prohibiting such a recovery unless there has been a formal admission, yet, if the services are rendered by a firm, one of whom is duly admitted, the partners may recover in a joint action for such services.

In an action by an attorney for services, evidence to show the nature and importance of the controversy in which the services were rendered, what results hung upon it in other matters, and how other matters affected it and increased its gravity, is proper upon the question of the value of the services.

Where an attorney is called as an expert to speak of the value of professional services, it is within the discretion of the court to reject questons put to the witness, upon cross-examination, as to the income derived by him from the practice of his profession; such testimony has not so direct a bearing upon the question of the capacity of the witness to speak as an expert as to give defendant a right to it.

(Argued June 12, 1873; decided September 23, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiffs entered upon the report of a referee.

This action was brought to recover for services alleged to have been rendered by plaintiffs, as attorneys and counselors-at-law, for defendant, and upon his employment.

The facts sufficiently appear in the opinion.

*George Norris* for the appellant. Defendant had a right to cross-examine plaintiffs as to their incomes in order to learn if they were qualified to testify as experts as to the value of their services. (*Mendum* v. *Commonwealth*, 6 Rand. [Va.], 704; 2 Taylor on Ev., § 1038; *Newmarket* v. *Lond., etc., Ins. Co.*, 30 Mo., 160; *Heald* v. *King*, 45 Me., 392; *Collier* v. *Simpson*, 5 Carr. & P., 73; *Harris* v. *Panama R. R. Co.*, 3 Bosw., 7; *Beckman* v. *Platner*, 15 Barb., 550; 1 Greenl.

on· Ev., § 440; Burrill's L. D., "Experts.") Plaintiffs, in order to recover must show that they are both attorneys of the United States District Court. (*Fullalove* v. *Barker*, 12 C. B. [N. S.], 246; *Warner* v. *Griswold*, 8 Wend., 665; *Woodward's Case*, 4 J. R., 287; *In re Henry*, 40 N. Y., 560; *In re Spicer's Will*, 1 Tuck., 80; *Ames* v. *Gilman*, 10 Metc., 239; *McKeon* v. *Devries*, 3 Barb., 196; *Waters* v. *Whittemore*, 22 id., 593; *Bullard* v. *Van Tassell*, 3 How. Pr., 402; *Clark* v. *Willett*, 25 Cal., 534; *Ex parte Fellows*, 2 Scam. [Ill.], 369; *Rob* v. *Smith*, 3 id., 46; *Rader* v. *Snyder*, 3 W. Va., 413; *Easton* v. *Smith*, 1 E. D. S., 318; *Brady* v. *Mayor*, 1 Sandf., 569; *Rol* v. *Harley*, 1 Duer, 637; *Sparling* v. *Brereton*, 35 L. J., Ch., 461; *Holdgate* v. *Slight*, 21 L. J., Q. B., 74.) One of the plaintiffs not being a member of the court, they cannot sue jointly for their services and recover. (*Arden* v. *Tucker*, 4 B. & A., 815; *Ames* v. *Gilman*, 10 Metc., 239; *Vincent* v. *Holt*, 4 Taunt., 452; *Hulls* v. *Lea*, 10 Q. B., 940; *Latham* v. *Hyde*, 1 Dowl. Pr. Ca., 594; *Constable* v. *Johnson*, 1 id., 598; *Preble* v. *Boghurst*, 1 R. & M.; *Coates* v. *Hawkyard*, 1 id., 746; *Sumner* v. *Ridgway*, 1 id., 748; *Crammond* v. *Crouch*, 3 C. & P., 77.) An attorney is only entitled to practice and receive his fees in the United States District Court when he has been admitted to practice in that court. (Rule 163 of U. S. District Court; *Waters* v. *Whittemore*, 22 Barb., 593; *Keyer* v. *Denning*, 1 J. Cas., 103; *Weir* v. *Slocum*, 3 How. Pr., 397; S. C., 1 Code R., 105; *Ex parte Faulkner*, 1 W. Va., 269; *Ex parte Hunter*, 2 id., 122; *Ex parte Quarrier*, id., 569.)

*Samuel Hand* for the respondents. Plaintiffs can maintain this action, though one of them had not been formally admitted to practice in the District Court. (*Warner* v. *Griswold*, 8 Wend., 665; *Vilas* v. *Downer*, 21 Vt., 419; *Stow* v. *Hamlin*, 11 How. Pr., 452; *Williams* v. *Glenny*, 16 N. Y., 389.) The merits of the action were fully and fairly tried, and if there were any errors in admitting or rejecting evidence defendant was not prejudiced thereby, and so the judgment must stand.

*Onon. Mut. Ins. Co.* v. *Minard*, 2 N. Y., 98; *Lowery* v. *Steward*, 3 Bosw., 505; *Barton* v. *Syracuse*, 37 Barb., 292; *Belmont* v. *Coleman*, 1 Bosw., 188; *Way* v. *Langley*, 15 Ohio St., 392; *Klock* v. *Buell*, 56 Barb., 398; *Fabbre* v. *Ins. Co.*, 6 Alb. L. J., 406.) The exceptions to the referee's failure to find certain things as facts, which the report shows were fully considered and the case shows were assumed as true, cannot be considered on appeal. (*Heroy* v. *Kerr*, 21 How. Pr., 409, and cases cited; *Nelson* v. *Ingersoll*, 17 .id., 1; *Patterson* v. *Graves*, 11 id., 91; *Paige* v. *Fazackerly*, 36 Barb., 392.) The fact that before the commencement of this action plaintiffs rendered a smaller bill than that sued for does not preclude them from recovering the proved value of their services. (*Miller* v. *Beal*, 26 Ind., 234; *Williams* v. *Glenny*, 16 N. Y., 389.)

FOLGER, J. The plaintiffs, educated in the legal profession and being partners in the practice thereof, were employed by the defendant, to conduct and defend for him, a matter pending in the District Court of the United States for the northern district of New York. They were duly admitted to practice in several courts as attorneys and counselors therein. One of them was thus admitted in the District Court. The other was legally entitled to be thus admitted, and did in fact practice therein as such without question. They rendered for the defendant valuable services. In their action to recover therefor, the sole defence is, that one of them was not formally admitted as an attorney in the District Court. Having bargained for the services, having received them, the defendant should pay the value thereof, unless there is some statutory provision or some rule of court, which forbids the plaintiffs from a recovery.

The English cases cited by the defendant rest, in our view, upon a prohibitory statute, and upon that alone. The Massachusetts case cited, so far as it makes for the defendant, rests upon a prohibitory statute, and upon that alone. These statutes were a source of revenue to the government. They

provided for the payment of a fee to the treasury on an admission to practice. The prohibition was a means for its collection. As it was unlawful to practice without a license, or without being sworn and admitted, the law would not lend its aid to recover for that, to do which was a violation of itself. But on the revision of the statutes in Massachusetts, the new Code, in the provisions for the admission of attorneys, contains no such prohibition. So in that case, for all services rendered by his assignor, after the revised Code was adopted, the plaintiff was permitted to recover. Inasmuch as he did not violate any express provision of statute, he who had employed him and had the benefit of his services, could not refuse paying a reasonable compensation therefor.

There is here, also, the absence of a prohibitory statute, and of any like rule of court.

Moreover, one of the plaintiffs was duly admitted and entitled to practice as an attorney in the District Court. Had there been a statute or rule of court of the nature above indicated, this fact would relieve from its effect. The English authorities are, that though there be a prohibition upon the recovery for professional services, unless there has been a formal admission to practice the profession; yet that two partners, one only of whom had complied with the statute, might recover in a joint action for such services rendered by them. (*Arden & Arden* v. *Tucker*, 4 Barn. & Adol., 815; *Turner & Smith* v. *Reynall*, 14 C. B. [N. S.], 328.)

The exceptions to the admission of testimony, on the ground that the plaintiffs could not increase the value of their services rendered, by showing that there were other suits and other matters, nor by showing what were the charges made against the defendant by the government, were not well taken. The testimony was not immaterial. It surely was material, to show the nature and importance of the controversy, and what results hung upon it in other matters, and how other matters affected it and increased its gravity. For the same reason it was not incompetent nor irrelevant. Nor was it secondary in any sense of that term. It was testimony of the oral state-

ments of the defendant, and testimony of what were the charges made by the government against him, in general terms, without professing to give the contents of papers.

It was in the discretion of the referee, to refuse the question, as to the amount of the income of either of the plaintiffs. Upon the question of their capacity to speak as experts as to the value of professional services, this testimony was not so immediate, as that it was the right of the defendant to have the answer.

The questions put to the witness Simons did not call for testimony either incompetent, irrelevant or immaterial.

It was competent to show by parol how often, in fact, the plaintiffs appeared as attorneys or as associate counsel, in cases in the District Court. It was testimony relevant and material to the issue, as showing their skill and experience, that they were recognized in the same court and in the same case, for their services in which they were suing.

The defendant made to the referee several requests as to his findings, which it is now claimed that the referee refused to make. It is also claimed that he erred in certain of his findings of fact and of law. We have examined the case in these respects, and do not find in the action of the referee any error.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.