JOHN M. MACFARLAND, APPELLEE, v. ALEXANDER A. ALT-
SCHULER, APPELLANT.

FILED JUNE 20, 1906. No. 14,384.

Attorneys: PARTNERSHIP: ACCOUNTING. In the absence of an express agreement to the contrary, any professional service rendered by a member of a firm of lawyers should be presumed to be for the benefit of the firm.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Decree modified.*

*I. J. Dunn,* for appellant.

*Weaver & Giller* and *John M. Macfarland, contra.*

JACKSON, C.

This action is for an accounting between former partners. The principal controversy is over the construction of a written agreement entered into by the parties at the time the partnership was formed. That part of the agreement over which this contention arises is in this language: "It is agreed between the parties hereto that they form a partnership in the practice of law in the city of Omaha, and to share and share alike in the profits therefrom. That so far as the business of John M. Macfarland is concerned, said business and all fees due and to become due is to be shared alike by the parties hereto, excepting the fees due said Macfarland in the *Bohln* and *Cunningham* cases." At the time this agreement was entered into Macfarland was of the Douglas county bar and maintained his office in the city of Omaha, while Altschuler was of the Lancaster county bar and maintained his office in the

city of Lincoln.   Shortly after signing the memorandum of partnership agreement, Altschuler removed to Omaha, and the business of the firm was conducted under the name of Macfarland & Altschuler.  Each member of the firm, at the time the partnership was formed, had unfinished business pending in the courts, and the most important question is whether, under the terms of the written agreement, the appellant should be required to account to the firm for fees received by him on account of unfinished business which he had on hand at the time the partnership was formed. The trial court required him to so account, and in that respect the decree is manifestly just.  In the absence of an agreement to the contrary, any professional service rendered by a member of a firm of lawyers should be presumed to be for the benefit of the firm, and such course was, without doubt, contemplated by the partners in this case.  The exception in favor of Macfarland in the *Bohln* and *Cunningham* cases strengthens the conclusion reached.

The account stated by the district judge includes items of fees collected for services, a portion of which was rendered by individual members of the firm, after the dissolution of the partnership, in litigation where the firm had been retained prior to dissolution, as well as those received by appellant on account of business which he had on hand, where a portion of the services had been performed prior to the partnership agreement, and it is urged that these amounts should be diminished by the value of the services performed, both before the partnership and after its dissolution.   It appears, however, in the decree that after the account was stated by the trial judge it was announced that the case would be reopened, if desired by either party, for the purpose of receiving evidence as to the fair and reasonable value of such services; that each party disclaimed any desire to offer further evidence, and the account was accordingly stated without reference to the value of the services involved.   In view of this condition of the record we do not think either party should now be permitted to complain.  The account is stated from a mass

of testimony covering more than 600 pages of typewritten matter, and some of it, at least, from conflicting evidence. The important witnesses testified in open court, and the trial judge had opportunities for determining their credibility not enjoyed by this court. We have examined the evidence with care, and think that the conclusions of the trial court should be adopted, with the exception of two items in the account charged against the appellant. He is charged in the statement of account with $1,600 in fees in what is called the *Bentley-Baker* case. The finding is based solely upon the testimony of the appellee that appellant informed him that he had received $1,600 in fees in that case. On the other hand, the sworn testimony of the appellant, in accounting for cash received in that case, discloses that he received, as a matter of fact, only $1,000, and our conclusion is that he should be charged in the account with the sum of $1,000 only. He is also charged with the sum of $31 for services in *Kindrich v. Seigel-Cooper Co.* It appears that all fees received in that case were paid out in costs and expenses, and that it is not a proper charge. In all other respects the decree has ample support in the evidence. The total sum which the decree requires the defendant to account for is $1,460.50, while the total of the sums which the plaintiff is required to account for is found in the decree to be $1,180.76, including a personal indebtedness of the plaintiff to the defendant amounting to $613.61, secured by chattel mortgage on the plaintiff's library. By the decree the chattel mortgage is canceled, and the plaintiff is given judgment for $279.74.

We recommend that the decree be modified, by requiring the defendant to account for the sum of $1,145 only, and that he have a judgment in this court for a remainder of $35, and a decree foreclosing the chattel mortgage for that amount.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is modified, by requiring the defendant to account for the sum of $1,145 only, and that he have judgment in this court for a remainder of $35, and a decree foreclosing the chattel mortgage for that amount.

JUDGMENT ACCORDINGLY.