Rafael Buscaglia, Tesorero de Puerto Rico, peticionario, v. Tribunal de Contribuciones de Puerto Rico, demandado.

Núm. 16.—*Sometido:* Enero 15, 1945. *Resuelto:* Marzo 5, 1945.

*Hon. Procurador General Interino Jesús A. González y A. D. Marchand Paz, Procurador General Auxiliar,* abogados del peticionario; *James R. Beverley, R. Castro Fernández y José López Baralt,* abogados de la interventora, querellante en el caso principal.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En julio 9 de 1943, South Porto Rico Sugar Company (of New Jersey), corporación organizada bajo las leyes del

estado de New Jersey, con su oficina principal en la ciudad de Newark en dicho estado, radicó una solicitud de apelación ante el Tribunal de Contribuciones de Puerto Rico, en la cual alegó en síntesis lo siguiente:

Que de acuerdo con la ley entonces vigente, la compañía apelante radicó su planilla de contribución sobre ingresos durante el período comprendido entre octubre 1, 1941 y septiembre 30 de 1942; que en mayo 27 de 1943, el Tesorero de Puerto Rico envió a la apelante una notificación de deficiencia, correspondiente al año fiscal 1942, ascendente a la suma de $28,907.20; que el Tesorero determinó y fijó dicha deficiencia aumentando el tipo contributivo de 18 por ciento a 20 por ciento por el período comprendido entre octubre 1, 1941 a junio 30, 1942 y de 20 por ciento a 22 por ciento por el período de julio 1 a septiembre 30, 1942; que la apelante solicitó la reconsideración de la notificación de deficiencia y la celebración de una vista administrativa y el Tesorero denegó ambas solicitudes. Como fundamentos legales de su apelación, la corporación apelante alegó que la imposición de un 2 por ciento adicional a las corporaciones extranjeras, según lo dispone la Ley núm. 23 de noviembre 21, 1941 ((2) pág. 73) y la Ley núm. 20 de diciembre 3, 1942 ((2) pág. 97) es ilegal, nula e inconstitucional (a) porque niega a la contribuyente la igual protección de las leyes; (b) porque viola la regla establecida por la Ley Orgánica, que prescribe que las contribuciones deben ser uniformes; y (c) porque establece un discrimen ilegal en contra de las corporaciones extranjeras, por el mero hecho de no haber sido organizadas bajo las leyes de Puerto Rico, todo ello en contravención de las enmiendas 5ª y 14ª de la Constitución Federal y de la sección 2 del Acta Orgánica de Puerto Rico, privando así a la contribuyente apelante de su propiedad sin el debido proceso de ley. El Tesorero formuló excepción previa, alegando que la demanda no aduce hechos suficientes para constituir causa de acción.

En junio 28 de 1944, el Tribunal de Contribuciones dictó su decisión declarando con lugar la querella y ordenando al Tesorero recalcular la contribución de la corporación apelante al mismo tipo fijado por la ley para las corporaciones domésticas. No estuvo conforme el Tesorero y radicó ante esta corte una petición de *certiorari* en la cual nos pide que revisemos y anulemos la decisión recurrida.

Antes de entrar a discutir y resolver la cuestión legal y constitucional envuelta en el presente recurso, conviene hacer constar que la decisión del Tribunal de Contribuciones declara el estatuto inconstitucional solamente en cuanto a su aplicación a "toda corporación o sociedad extranjera que se halle dentro de la jurisdicción del país", sin expresar opinión alguna en cuanto a la constitucionalidad de la ley en su aplicación a aquellas corporaciones o sociedades extranjeras no domiciliadas ni admitidas a hacer negocios en Puerto Rico, pero que derivan ingresos de fuentes radicadas en Puerto Rico. En la solicitud de apelación radicada ante el Tribunal de Contribuciones, solamente se alegó que la apelante, South Porto Rico Sugar Co., es "una corporación organizada bajo las leyes de New Jersey y dedicada a la compra y venta de azúcar y otros productos, con oficinas principales en Newark, New Jersey, y en la ciudad de New York". Del récord ante nos no aparece que dicha corporación haya sido autorizada para hacer negocios en Puerto Rico o que los haya hecho sin obtener previamente una licencia. En el juramento de la petición aparece James R. Beverley firmándola como "agente de la apelante en este caso, una corporación extranjera no residente". Debemos por lo tanto considerar y resolver el caso como si se tratara de una corporación extranjera, no domiciliada ni autorizada para hacer negocios en Puerto Rico, que ha derivado ingresos de fuentes radicadas dentro de esta jurisdicción.

La notificación de deficiencia hecha por el Tesorero se basó en las disposiciones de la sección 28 de la Ley de

Contribuciones sobre Ingresos, según fué enmendada por la Ley núm. 23 de noviembre 21 de 1941, que lee como sigue:

"Sección 28.—(a) Se impondrá, cobrará y pagará por cada año contributivo sobre el ingreso neto de toda corporación o sociedad, una contribución del veinte (20) por ciento del montante del ingreso neto que exceda de los créditos provistos en la sección 34; excepto que las corporaciones y sociedades domésticas pagarán una contribución de dieciocho (18) por ciento."

La citada sección 28 fué enmendada nuevamente por la Ley número 20 aprobada en diciembre 3 de 1942, aumentando a 22 por ciento la contribución de las sociedades y corporaciones extranjeras y a 20 por ciento la de las domésticas.

De la simple lectura de la sección 28(a), en la forma en que fué últimamente enmendada, resulta evidente que el propósito del legislador ha sido el de imponer a las corporaciones y sociedades domésticas una contribución de 20 por ciento del montante de sus ingresos netos, y a las corporaciones y sociedades extranjeras, sujetas a tributación en Puerto Rico, una contribución de 22 por ciento del montante de sus ingresos netos. La contribución mayor—la de 22 por ciento—se les impone a unas y otras por el mero hecho de ser extranjeras o sea por no haber sido organizadas o constituídas de acuerdo con las leyes de Puerto Rico.

En su resolución recurrida, el Tribunal de Contribuciones de Puerto Rico establece una distinción entre las corporaciones extranjeras "que se hallen dentro de la jurisdicción del país", o sea aquéllas que se han registrado en Puerto Rico de acuerdo con la Ley de Corporaciones, y aquéllas que no han sido autorizadas para dedicarse a negocios en Puerto Rico; y llega a la conclusión de que a las primeras no se les puede obligar a pagar la contribución de 22 por ciento.

Es indudable que la Legislatura puede dividir a los contribuyentes en varias clases e imponer a cada clase un tipo de contribución distinto al imponible a las otras. En el

ejercicio de esa facultad, la Legislatura, al aprobar la sección 28(*a*), supra, según quedó enmendada, estableció dos clases: (*a*) corporaciones y sociedades domésticas y (*b*) corporaciones extranjeras. Debemos, por lo tanto, considerar el estatuto como uno que impone un tipo de contribución mayor a todas las corporaciones extranjeras, o sea aquéllas que no han sido organizadas de acuerdo con las leyes de Puerto Rico.

En el caso de *Ballester* v. *Tribunal de Apelación,* 61 D. P.R. 474, esta Corte Suprema tuvo bajo su consideración la sección 1 de la Ley núm. 159, Leyes de Puerto Rico (1941, (1) pág. 973) que imponía un tipo de contribución más alto sobre el ingreso de un extranjero residente, que sobre el ingreso de un ciudadano residente. Resolvimos que dicha disposición legal es inconstitucional y nula porque infringe las cláusulas de la Carta Orgánica relativas a la igual protección de las leyes y la uniformidad en las contribuciones.

La clasificación establecida por la sección 28(*a*) supra, está basada únicamente en la extranjería de las corporaciones o sociedades organizadas fuera de Puerto Rico. De acuerdo con la letra del estatuto, bastará que una corporación o sociedad que recibe beneficios de fuentes radicadas en Puerto Rico haya sido organizada en uno de los estados de la federación americana o en un país extranjero, para que se le imponga la contribución de 22 por ciento aplicable a las corporaciones extranjeras y no la de 20 por ciento aplicable a las corporaciones domésticas, sin que la ley distinga entre las corporaciones extranjeras autorizadas para hacer negocios en Puerto Rico y las que no lo han sido.

Para que una clasificación merezca ser considerada como legal es necesario que esté basada en "alguna distinción que pueda racional o imparcialmente constituir la razón para la diferencia en la contribución". *Rivera Ayala* v. *Corte,* 62 D.P.R. 513, y *San Juan Trading Co.* v. *Sancho Bonet,* 114

F. (2d) 969. La Corte Suprema Federal, en *Bell's Gap R. R. Co.* v. *Pennsylvania,* 134 U. S. 232, sostuvo que ''los discrímenes claros y hostiles contra clases y personas particulares, especialmente aquéllos de carácter poco común, desconocidos a las prácticas de nuestros gobiernos, pudieran contravenir la prohibición constitucional''. Véase: 4 Cooley *on Taxation,* 3486, Sec. 1752 (1924 ed.); y *Hartford S. B. I. & Ins. Co.* v. *Harrison,* 301 U. S. 459, 81 L. ed. 1223.

■■ La cuestión sobre la constitucionalidad del estatuto debe necesariamente dividirse en dos: (1) en cuanto a su aplicación a corporaciones extranjeras que han obtenido licencia para hacer negocios en Puerto Rico; y (2) en cuanto a su aplicación a las corporaciones extranjeras que no han cumplido con ese requisito.

1. El artículo 2 de la Ley Orgánica de Puerto Rico dispone:

''No se pondrá en vigor en Puerto Rico ninguna ley que privare a una persona de la vida, libertad o propiedad sin el debido procedimiento de ley, o que negare *a una persona de dicha isla* la protección igual de las leyes.'' (párrafo 1.)

'' *       *       *       *       *       *       *

''Las leyes para la imposición de contribuciones en Puerto Rico serán uniformes.'' (Párrafo 22) (Bastardillas nuestras).

La Enmienda Catorce de la Constitución de los Estados Unidos prescribe que ningún estado privará a ninguna persona de su propiedad sin el debido procedimiento de ley ni negará a ninguna persona dentro de su jurisdicción la protección igual de las leyes.

¿Es una corporación extranjera que ha sido autorizada de acuerdo con las leyes insulares para emprender negocios en Puerto Rico, una persona de dicha Isla o dentro de su jurisdicción, con derecho a la protección igual de las leyes y por consiguiente a que no se le imponga un tipo de tributación mayor que el impuesto por la ley insular a las corporaciones domésticas?

La pregunta que hemos formulado debe ser contestada afirmativamente. Es doctrina firmemente establecida la de que "una corporación a la cual se ha permitido entrar a un estado y emprender allí sus negocios, puede reclamar, lo mismo que puede hacerlo un individuo, la protección de la Enmienda Catorce contra una aplicación subsiguiente, a ella, de la ley del estado"[1] y que una corporación, aún cuando no es un ciudadano dentro del significado de la cláusula sobre privilegios e inmunidades (*Paul* v. *Virginia*, 8 Wall. 168 19 L. ed. 357) "es una 'persona' dentro del significado de las cláusulas sobre igual protección de las leyes y debido procedimiento de ley".[2] La protección igual de las leyes significa la sumisión a leyes iguales, aplicables por igual a todos los que se encuentren en la misma situación. Cuando una corporación extranjera, por haber obtenido una licencia para emprender negocios dentro de un estado se convierte en una persona dentro de la jurisdicción de ese estado, desde ese momento adquiere el derecho a gozar de los mismos derechos que la ley concede y a soportar las mismas cargas que la ley impone a las demás personas colocadas en la misma situación.[3]

El caso de *Hanover Fire Ins. Co.* v. *Harding*, 272 U. S. 494, 71 L. ed. 372, presenta hechos muy similares a los del caso de autos. Desde el año 1869 el estado de Illinois aprobó una ley por virtud de la cual toda compañía de seguros extranjera, autorizada para hacer negocios en Illinois, venía obligada a presentar anualmente un informe de los ingresos netos de la agencia que tuviere establecida dentro del estado. Esos ingresos netos debían ser incluídos en las listas de propiedades sujetas a tributación y sobre ellos debía imponerse

---

[1] *Connecticut Gen. Life Ins. Co.* v. *Johnson*, 303 U.S. 77, 82 L. ed. 673; *Bethlehem Motors Corp.* v. *Flynt*, 256 U.S. 421, 65 L. ed. 1029.

[2] *Grosjean* v. *American Press Co., Inc.* 297 U.S. 233, 80 L. ed. 660; *Liggett Co.* v. *Lee*, 288 U.S. 517.

[3] *Southern Ry. Co.* v. *Greene*, 216 U.S. 400, 54 L. ed. 536. Véase: *Ballester* v. *Tribunal de Apelación*, 61 D.P.R. 474.

y cobrarse la contribución impuesta por la ley a la propiedad personal. Las corporaciones domésticas no estaban obligadas al pago de esa contribución. En el procedimiento de *injunction* incoado por la Hanover Fire Ins. Co., ésta alegó que la citada ley le negaba la protección igual de las leyes del estado de Illinois y era, por ese motivo, inconstitucional. La Corte Suprema de Illinois sostuvo la validez del estatuto, alegando como fundamento de su decisión que el pago de la contribución sobre sus ingresos netos es parte de la condición que la peticionaria, como corporación extranjera, estaba obligada a cumplir para poder mantener y conservar su derecho a hacer negocios dentro del estado. La Corte Suprema resolvió, que aun cuando se ha establecido que las corporaciones extranjeras no tienen derecho a emprender negocios dentro de un estado, excepto mediante el consentimiento del estado, y que éste puede arbitrariamente excluirlas o imponerles condiciones para permitirles emprender negocios dentro de su jurisdicción, existe una importante limitación de esa facultad del estado y es que "el estado no puede exigir, como condición para que la corporación pueda dedicarse a negocios dentro de sus límites, que los derechos que a la corporación garantiza la Constitución de los Estados Unidos puedan ser infringidos". La sentencia de la Corte Suprema de Illinois, por la cual se denegó el injunction, fué revocada, expresándose la Corte Suprema Federal en los siguientes términos:

"Al examinar una ley del estado, que impone una contribución a las corporaciones extranjeras, para determinar si esa contribución viola la cláusula de protección igual de la Enmienda 14ª., se hace necesario trazar una línea entre el gravamen impuesto por el estado por la licencia o privilegio para emprender negocios dentro del mismo y el gravamen contributivo (*tax burden*), en el cual, una vez obtenido el derecho a emprender negocios, la corporación extranjera debe tener una participación igual a la de todas las corporaciones y demás contribuyentes del estado. Con respecto a los derechos de admisión, por así llamarles, que la corporación debe pagar para convertirse

en un cuasi-ciudadano del estado y con derecho a los mismos privi-legios que los ciudadanos del estado, su importe está sujeto a la discreción del estado y cualquier desigualdad entre la corporación extranjera y la doméstica, en cuanto a esos derechos, no cae dentro de la prohibición de la Enmienda 14ª.; pero después de su admisión, la corporación extranjera ocupa un plano de igualdad y debe ser clasificada con las corporaciones domésticas de la misma clase.

"Mediante el cumplimiento de todas las condiciones precedentes válidas, la compañía de seguros extranjera se eleva al mismo nivel de todas las otras compañías de seguro de la misma clase, domésticas, o extranjeras, dentro del estado, y las leyes contributivas que se le apliquen después de ser admitida dentro del estado deben ser consideradas como leyes aprobadas con el propósito de levantar rentas para el estado y deberán ajustarse a la cláusula de igual protección de la Enmienda 14ª.".

Aplicando la jurisprudencia que hemos citado, al caso de autos, nos vemos precisados a resolver que el Tribunal de Contribuciones de Puerto Rico no erró al sostener, como sostuvo, que la imposición a una corporación extranjera autorizada para emprender negocios en esta Isla de una contribución sobre sus ingresos netos, mayor que la contribución impuesta por la misma ley y por igual concepto a las corporaciones organizadas de acuerdo con las leyes de esta Isla, negaría a esa corporación extranjera la protección igual de las leyes, en contravención de las disposiciones del párrafo 1 del artículo 2 de la Ley Orgánica, en contravención de lo dispuesto en el párrafo 22 del mismo artículo, que requiere uniformidad en la imposición de contribuciones.

¿Tiene una corporación extranjera, que no ha sido autorizada para emprender negocios en esta Isla, derecho a invocar las disposiciones de la Ley Orgánica Insular y de la Constitución Federal sobre protección igual de las leyes y uniformidad en la imposición de contribuciones?

Somos de opinión que esta pregunta debe ser contestada en la negativa. Las autoridades que hemos examinado sostienen que una corporación, lo mismo que una persona na-

tural, debe encontrarse "dentro de la jurisdicción del estado" para poder tener derecho a la protección igual de las leyes. La regla general es, que una corporación extranjera que no está haciendo negocios dentro de un estado y que no está sujeta al mandato (process) de sus tribunales, no es una "persona dentro de su jurisdicción" y no tiene por tanto derecho a la protección igual de las leyes de ese estado. *Blake* v. *McClung*, 172 U. S. 239, 43 L. ed. 432; 23 Am. Jur., *Foreign Corporations*, Sec. 50 y casos allí citados.

El Tribunal de Contribuciones no erró al resolver que el cobro a una corporación extranjera no autorizada para hacer negocios en esta Isla, de la contribución sobre el ingreso neto, a los tipos de 20 por ciento y 22 por ciento fijados por la sección 28 de la Ley núm. 23 de 1941 y por la misma sección según fué enmendada por la Ley núm. 20 de 1942, no infringe precepto alguno de la Ley Orgánica ni de la Constitución nacional. Empero, dicho Tribunal cometió manifiesto error al aplicar su correcta interpretación de la ley, a los hechos del caso.

■■■■ Ya hemos hecho constar que de acuerdo con las alegaciones de la petición y sin que del récord aparezca nada en contrario, South Porto Rico Sugar Co. (of New Jersey) es una corporación extranjera, sin residencia en Puerto Rico y sin licencia para emprender negocios dentro de la Isla de Puerto Rico; y que la petición aparece firmada y jurada por James R. Beverley, como "apoderado de la apelante en este caso, una corporación no residente y extranjera". Los hechos alegados en la petición fueron expresamente admitidos por el Tesorero, quien solicitó la desestimación de la querella. El caso quedó sometido por las alegaciones, haciendo innecesaria la presentación de prueba.

No obstante lo que acabamos de exponer, el Tribunal de Contribuciones, después de admitir que South Porto Rico Sugar Co. es una corporación organizada fuera del país y

que tiene su domicilio en el estado de New Jersey, llegó a las siguientes conclusiones:

1. Que la corporación querellante se dedica a la compra de azúcar y otros productos en Puerto Rico y deriva ingresos de fuentes radicadas en Puerto Rico, "debiendo presumirse que ha cumplido con las leyes del país y que está autorizada a demandar y ser demandada aquí, y a hacer negocios en Puerto Rico, y que tiene oficina abierta en San Juan y propiedades en la Isla".

2. Que por los hechos alegados por las partes y los presumidos en el párrafo que antecede, la corporación apelante se halla dentro de la jurisdicción de Puerto Rico.

3. Que por hallarse dentro de la jurisdicción de Puerto Rico, la corporación apelante tiene derecho a la igual protección de las leyes, no pudiendo por tanto imponérsele una contribución más alta que las impuestas a las corporaciones organizadas en Puerto Rico.

Las anteriores conclusiones son claramente erróneas. No están sostenidas ni por las alegaciones ni por prueba alguna; y están, además, abiertamente en pugna con las alegaciones de la propia apelante. La corporación recurrente, si bien alegó que se dedica a la "compra y venta de azúcar y otros productos", ni alegó ni probó que esas compras y ventas se realizaran en Puerto Rico. No conocemos ley alguna que justifique la presunción de que una corporación extranjera y no residente que se dedica a la compra de azúcar, realiza esas compras dentro de la jurisdicción de la isla de Puerto Rico. [6] La alegada presunción de que South Porto Rico Sugar Co. ha cumplido con las leyes de Puerto Rico y está autorizada para hacer negocios en Puerto Rico, o sea que por virtud de ese presunto cumplimiento se ha convertido en una persona dentro de la jurisdicción insular con derecho a la protección igual de las leyes, es insostenible, primero porque se deriva de o está basada en los hechos, ni alegados ni pro-

bados, de que la corporación se dedica a la compra de azúcar en Puerto Rico, tiene oficina abierta en San Juan y posee propiedades en Puerto Rico; [7] segundo, porque la presunción legal, *juris tantum,* de que la ley ha sido cumplida, sólo puede ser invocada por aquellas personas que están obligadas a cumplir sus preceptos. Las corporaciones extranjeras no están obligadas por ley alguna a registrarse en Puerto Rico. Es solamente cuando desean emprender negocios dentro de la jurisdicción insular que la ley les impone la obligación de solicitar una licencia. [8] No existe, por tanto, presunción alguna en favor de la corporación extranjera que invoca la igual protección de las leyes. A ella le toca alegar y probar que es una persona dentro de la jurisdicción insular, por haber cumplido con la ley y obtenido licencia para hacer negocios en Puerto Rico. Aun cuando aceptáramos la existencia de dicha presunción, tendríamos que llegar a la ineludible conclusión de que la misma quedó controvertida por la propia apelante al alegar su condición de corporación extranjera, no residente en Puerto Rico. [9] Tampoco puede presumirse que la corporación recurrente ha sido autorizada para hacer negocios en Puerto Rico, por el solo hecho de que dicha corporación deriva sus ingresos de fuentes radicadas en Puerto Rico, pues no cabe duda alguna de que una corporación extranjera que posee acciones en una corporación doméstica no está obligada a registrarse en Puerto Rico como condición previa para poder recibir los dividendos correspondientes a sus acciones. 23 Am. Jur. *Foreign Corporations,* Sección 25.

*Por las razones expuestas, se revoca la decisión recurrida dictada por el Tribunal de Contribuciones el 28 de junio de 1944 y se devuelve el caso a dicho Tribunal para ulteriores procedimientos no inconsistentes con esta opinión.*

## EN MOCION DE RECONSIDERACION

### Marzo 23, 1945

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La interventora, South Porto Rico Sugar Company of New Jersey, no conforme con la sentencia que dictamos en marzo 5 de 1945, solicita su reconsideración y nos pide que en su lugar dictemos otra declarando que la sección 28 (*a*) de la Ley de Contribuciones Sobre Ingresos es también anticonstitucional en cuanto a su aplicación a corporaciones extranjeras no autorizadas para emprender negocios en Puerto Rico.

Admite la interventora que nuestra decisión es correcta en cuanto sostiene que el derecho a la igual protección de las leyes sólo puede ser invocado por personas o corporaciones que se encuentren dentro de la jurisdicción insular. Su ataque a nuestra decisión se basa en que no apareciendo de las disposiciones del párrafo 22 del artículo 2 de la Ley Orgánica de Puerto Rico, al efecto de que "las leyes para la imposición de contribuciones en Puerto Rico serán uniformes", limitación territorial alguna, dichas disposiciones deben proteger por igual a todas las personas y corporaciones, tanto a las que se encuentren dentro como a las que estén fuera de la jurisdicción insular. Añade la interventora que "si el Congreso Nacional hubiese deseado limitar la protección que dispone la cláusula de uniformidad, cuán fácil hubiese sido redactar dicha cláusula igual a la cláusula sobre igual protección", de manera que quedase redactada así: "Las leyes para la imposición de contribuciones en Puerto Rico serán uniformes, *para toda persona de dicha Isla*".

La cláusula sobre uniformidad en la imposición de contribuciones tiene por objeto el de impedir discrímenes contra personas o corporaciones que se encuentren igualmente

situadas. Es ésa la razón por la cual resolvimos que la contribución sobre los ingresos debía ser igual para las corporaciones domésticas y para las extranjeras que se hubieren domiciliado en Puerto Rico, obteniendo licencia para hacer negocios dentro de la jurisdicción insular. A esas corporaciones extranjeras así registradas en Puerto Rico, no se les puede imponer un tipo de contribución mayor que a las domésticas, por el solo hecho de ser extranjeras, sin violar los preceptos constitucionales sobre igual protección de las leyes y uniformidad en la imposición de contribuciones.

En *Ballester* v. *Tribunal de Contribuciones,* 61 D.P.R. 474, se trató de imponer una contribución mayor a un ciudadano extranjero residente en Puerto Rico, basándose el Tesorero en la mera extranjería del contribuyente. Sostuvimos que la imposición era ilegal y violaba los dos enunciados preceptos constitucionales.

No es convincente el argumento de que si el Congreso hubiese querido limitar la protección de la cláusula sobre uniformidad así pudo haberlo hecho con sólo añadir al final de dicha cláusula la frase "para toda persona de dicha Isla". La adición de dicha frase hubiese quitado a la Legislatura la facultad de clasificar a los contribuyentes y la de imponer a cada clase un tipo de contribución distinto al imponible a las otras clases; y en ese caso cualquier persona o corporación domiciliada en la Isla podría exigir que no se le impusiese un tipo de contribución mayor que el tipo mínimo impuesto por la ley a cualquiera otra persona o corporación, no importa la clase de negocio a que dicha persona o corporación estuviese dedicada. El hecho de no haberse añadido al párrafo 22 del artículo 2 de la Ley Orgánica la limitación territorial sugerida por la interventora es la mejor indicación de que el Congreso quiso dejar a la legislatura insular la facultad de clasificar a los contribuyentes y de imponer a cada clase un tipo de contribución distinto al de las otras clases.

En el ejercicio de esa facultad de clasificar a los contribuyentes, la legislatura insular por medio de la sección 28 (a) de la Ley de Contribuciones Sobre Ingresos dividió a las corporaciones en dos clases: (a) las incorporadas en Puerto Rico; y (b) las incorporadas en otras jurisdicciones. A las primeras les impuso una contribución de 20 por ciento de sus ingresos netos y a las segundas de 22 por ciento sobre esos ingresos. Cuando el Tesorero trató de cobrar el impuesto mayor a corporaciones extranjeras que habían obtenido licencia para hacer negocios en Puerto Rico, por el mero hecho de ser extranjeras, sostuvimos que al así hacerlo el Tesorero estaba negando a esas corporaciones, que desde el momento en que obtuvieron la licencia se convirtieron en *personas de esta Isla,* la igual protección de las leyes, infringiendo al mismo tiempo la cláusula sobre uniformidad de las contribuciones. Fué en relación con la división de las corporaciones autorizadas para hacer negocios en Puerto Rico, en dos clases, (1) las organizadas en Puerto Rico, y (2) las extranjeras registradas en Puerto Rico, que sostuvimos que la clasificación era ilegal por no estar basada en "alguna distinción que pueda racional o imparcialmente constituir la razón para la diferencia en la contribución".

La división de las corporaciones en dos clases, (1) las domésticas y las extranjeras autorizadas para hacer negocios en la Isla, y (2) las extranjeras no residentes en Puerto Rico, se basa en una distinción que a nuestro juicio constituye una razón suficiente para la diferencia en el tipo contributivo. La corporación extranjera que recibe ingresos de fuentes radicadas en Puerto Rico, que opta por permanecer en un estado de completa extranjería con respecto a la Isla, sin someterse a la jurisdicción de sus tribunales y sin contribuir en otra forma al sostenimiento del gobierno que protege las fuentes de donde deriva sus ingresos, no tiene derecho a invocar la igual protección de la ley que requiere la uniformidad en la imposición de las contribuciones y a

que se le incluya en la misma clase con las corporaciones organizadas y domiciliadas de conformidad con las leyes de esta jurisdicción.

La diferencia de 2 por ciento entre el tipo de la contribución impuesta a las corporaciones domésticas y a las extranjeras registradas en esta Isla y el de la impuesta a las extranjeras no residentes, no es irrazonable ni arbitraria y debe ser sostenida como un ejercicio legal de la facultad legislativa para clasificar a los contribuyentes e imponerles tipos distintos de contribución.

*No ha lugar a la reconsideración solicitada.*