RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado.

Núm. 29.—*Sometido:* Enero 15, 1945. *Resuelto:* Mayo 21, 1945.

*Hon. Procurador General Interino Jesús A. González* y *A. D. Marchand Paz, Procurador General Auxiliar*, abogados del peticionario; *Otero Suro & Otero Suro* y *Dubón & Ochoteco*, abogados de la interventora, querellante en el pleito principal.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La firma de abogados Dubón & Ochoteco declaró un ingreso bruto por la cantidad de $60,016.23 para el año natural 1941, y reclamó deducciones por igual cantidad. El 6 de agosto de 1943 el Tesorero notificó a la contribuyente una deficiencia por la cantidad de $4,142.55 para el mismo año, más intereses al seis por ciento desde el 15 de marzo de 1942 al 15 de septiembre de 1943, montantes a $372.83, y una penalidad de cinco por ciento, ascendente a $207.13, todo lo cual hace un total de $4,722.51.

Para determinar esa deficiencia el Tesorero rechazó de las deducciones reclamadas por la firma, la cantidad de doscientos dólares por concepto de donativos hechos a la United Service Organizations y otras instituciones, y la suma de $22,814.14 distribuída de por mitad entre los únicos socios Luis E. Dubón y Félix Ochoteco, Jr., como compensación adicional por servicios personales realmente prestados por ellos a la firma. Solicitó del Tesorero la reconsideración, y habiéndosela denegado, la contribuyente recurrió entonces para ante el Tribunal de Contribuciones de Puerto Rico. Éste confirmó la decisión del Tesorero en cuanto denegó la deducción de doscientos dólares por concepto de los donativos; y

la revocó en cuanto rechazó la deducción de los $22,814.14 y en cuanto impuso la penalidad de cinco por ciento.  ·

Recurrió el Tesorero para ante este Tribunal solamente de la parte de la resolución que concedió la deducción de $22,814.14, alegando que esa suma distribuída entre los socios no es deducible por constituir una distribución de beneficios.   En cuanto a la cantidad de $12,000 que cada socio recibió en concepto de sueldo asignádole originalmente, el Tesorero no hace reclamación alguna, y expresamente admite su deducción como válida, pero insiste en que la cantidad de $22,814.14 que alega la firma se distribuyó como compensación adicional, constituye una distribución de beneficios.

La posición que asume la contribuyente es que no puede existir legalmente una sociedad de abogados porque esa profesión sólo puede ser ejercida por personas naturales debidamente admitidas a postular, y que como la sociedad no es una persona natural, y por consiguiente no tiene derecho a postular, no existe una sociedad válida que como tal esté comprendida en las disposiciones de la sección 2(a)(3) de la Ley de Contribuciones sobre Ingresos, según fué enmendada por la Ley núm. 31 de 12 de abril de 1941 ((1) pág. 479). Pero a pesar de sostener que la firma Dubón & Ochoteco no es una sociedad en contemplación de la sección 2(a)(3), sin embargo, inconsistentemente(1) con esa posición arguye que tiene derecho a deducir la cantidad de $22,814.14 por constituir una compensación adicional por servicios realmente prestados y no una distribución de beneficios.

La contención del Tesorero es que la firma de abogados Dubón & Ochoteco no es una sociedad profesional porque una sociedad no puede ejercer la profesión de abogado, pero que es una sociedad civil universal de todas las ganancias consistentes de los honorarios que sus socios perciben por los

---

(1) Si Dubón & Ochoteco no es una sociedad en contemplación de la sección 2(a) (3), ¿con qué derecho entonces puede deducir cantidad alguna por concepto de sueldos a los socios?

servicios profesionales que respectivamente prestan a sus clientes, y que siendo, a su juicio, la cantidad de $22,814.14 pagada a los socios una distribución de beneficios, dicha suma está sujeta al pago de la contribución sobre ingresos.

Las partes dedicaron gran parte de sus alegatos a tratar de demostrar que una firma de abogados, dada la naturaleza de su objeto—la práctica de la profesión de abogado y notario—, no puede legalmente constituir una sociedad.

La contribuyente presentó en el Tribunal de Contribuciones el testimonio del socio Luis E. Dubón, quien declaró que en el año 1941 convino con su socio Félix Ochoteco, Jr., asignarse cada uno un sueldo de mil dólares mensuales, sujeto a ser aumentado o reducido de conformidad con el valor razonable de los servicios que cada uno de ellos realmente prestara, y que considerando luego que tales servicios merecían un sueldo adicional, se distribuyeron de por mitad la cantidad de $22,814.14, que sumada al sueldo originalmente fijado, no excedía, a su juicio, del valor razonable de los servicios realmente prestados por cada uno de ellos.

El Tesorero no practicó prueba alguna para sostener sus alegaciones. Por el contrario, expresamente admitió que la cantidad total de $23,407.07—compuesta del sueldo original, $12,000, y la compensación adicional de $11,407.07—que cada uno de ellos recibió, si en realidad la hubiera recibido en concepto de compensación por servicios prestados, hubiera sido razonable, y que aun una cantidad mayor también lo hubiera sido. En el alegato presentado ante este tribunal el abogado del Tesorero ratificó esa manifestación, pero insistió en que, a pesar de ello, la llamada compensación adicional constituía una distribución de beneficios y no un pago de sueldos.

■■ La primera cuestión a resolver es si una sociedad de abogados cuyo objeto es el ejercicio de su profesión está sujeta al pago de la contribución impuesta por la sección

28(*a*) de la Ley de Contribuciones sobre Ingresos,(²) que impone a las sociedades y corporaciones domésticas una contribución de veinte por ciento sobre su ingreso neto, y a las sociedades y corporaciones extranjeras una contribución de veintidós por ciento.(³)

Con arreglo a la sección 2(*a*)(3) de la ley, el término "sociedad" incluye "las sociedades civiles, mercantiles, industriales, agrícolas, *profesionales* o de cualquiera otra índole, conste o no su constitución en escritura pública o documento privado," (bastardillas nuestras), y además a dos o más personas asociadas, ya usen o no un nombre común, dedicadas a una empresa común (*joint venture*) con fines de lucro.

Las sociedades profesionales están expresamente reconocidas por el Código Civil (ed. 1930), art. 1569, que prescribe:

"La sociedad particular tiene únicamente por objeto cosas determinadas, su uso, o sus frutos, o una empresa señalada, o *el ejercicio de una profesión* o arte." (Bastardillas nuestras.)

Hemos dicho que tanto el Tesorero como la contribuyente arguyen que no puede existir legalmente una sociedad de abogados porque esa profesión sólo puede ser ejercida por personas naturales, y que como al constituirse una sociedad se crea una entidad o persona jurídica distinta de las personas de los socios, la persona jurídica así creada no podría ejercer la profesión de abogado.

Es verdad que la sociedad en nuestro derecho constituye una entidad jurídica distinta de sus miembros, y que siendo como es una persona jurídica, la sociedad en sí no puede ser admitida a postular.

---

(²)Según fué enmendada en la Tercera Sesión Extraordinaria de 1942 por la Ley núm. 20 de 3 de diciembre de 1942 (Tomo de leyes comprensivo de las Segunda y Tercera Sesiones Extraordinarias, pág. 97).

(³)En *Tesorero* v. *Tribunal de Contribuciones*, 64 D.P.R. 602, este Tribunal declaró inconstitucional la diferencia del tipo contributivo entre las corporaciones domésticas y las extranjeras autorizadas a hacer negocios en Puerto Rico.

14

El Código Civil autoriza la constitución de sociedades para el ejercicio de una profesión.(⁴)· ·Pero la sociedad, aunque por ficción legal es una persona independiente de los miembros que la componen,(⁵) por ser una criatura artificial, intangible, sólo puede actuar por medio de sus miembros. Por esa razón, al constituirse una sociedad para el ejercicio de la abogacía, la realidad es que son los abogados que la componen, y no la entidad jurídica, los que ejercen la profesión. Mas como la ley prohibe el ejercicio de la abogacía a los que no hayan sido admitidos a postular por el Tribunal Supremo, para que la sociedad tenga un objeto lícito(⁶) precisa que todos y cada uno de sus miembros sean abogados debidamente admitidos a postular. Llevar´la ficción legal al extremo que lo hacen las partes en este caso, asegurando que una sociedad de abogados no tiene existencia legal porque la sociedad no es una persona natural capaz de ser admitida a postular; convertiría en letra muerta el artículo 1569 del Código Civil, que autoriza la constitución de sociedades profesionales, porque en cualquier sociedad profesional la sociedad en sí como entidad jurídica no puede ejercer la profesión sino a través de sus miembros. No prohibe la ley ni es contrario a la moral o al orden público que dos o más abogados debidamente autorizados para ejercer su profesión se obliguen a poner en común su talento, pericia y habilidad profesional con ánimo de partir entre sí los beneficios.(⁷) La sociedad de abogados es una institución que ha echado raí-

---

(⁴)Código Civil, artículo 1569.

(⁵)Código Civil, artículo 27.

(⁶)Código Civil, artículo 1557.

(⁷)La regla 33 de los Cánones de Ética Profesional adoptados por la American Bar Association, dice:

''Las sociedades entre abogados para el ejercicio de su profesión son muy comunes y no deben ser proscritas. . . . Las sociedades entre abogados y miembros de otras profesiones o personas no profesionales no deben formarse ni permitirse cuando cualquier parte del objeto de la sociedad consista del ejercicio de la profesión legal.'' 62 Reports of the American Bar Association 1105, 1117.

ces muy profundas en nuestro Derecho, y su legalidad hasta que surgió el presente caso jamás había sido cuestionada.

El hecho de que el servicio profesional sea cobrado a nombre de la sociedad como alega la contribuyente es una circunstancia que en nada afecta al abogado que lo presta ni al cliente que lo paga, y no es contrario a la ley, a la moral o al orden público. *Gratwick* v. *Smith*, 202 App. Div. 600, 604 (N. Y. 1922) ; *Harland* v. *Lilienthal*, 53 N. Y. 438 (1873).

Planiol-Ripert, en su obra Derecho Civil Francés, tomo 11,. pág. 267, tratando sobre el objeto lícito que debe tener la sociedad, enumera entre las sociedades ilícitas, sin exponer fundamentos, a la sociedad de abogados. Los mismos autores citan como sociedad ilícita la celebrada para el ejercicio de la farmacia entre uno o más farmacéuticos y uno o más individuos no autorizados para ejercer esa profesión. Se infiere *a contrario censu* que si todos los socios fueran farmacéuticos, el objeto de la sociedad sería lícito. ¿Por qué no ha de aplicarse el mismo principio a una sociedad de abogados cuando todos sus miembros han sido debidamente admitidos a postular?(⁸)

Colin y Capitant, en su obra Derecho Civil, tomo 4, pág. 453, refiriéndose a las sociedades de abogados, .dicen:

"No se permite a los abogados asociarse para el ejercicio de su profesión. El carácter especulativo de esta asociación se opondría al monopolio(⁹) que la ley concede a los abogados en consideración a su dignidad profesional.

"Tal cuestión, por otra parte, no parece haberse planteado nunca en la Francia continental. En las Colonias y en Indo-China especialmente, las funciones de defensores constituyen a menudo el objeto de contratos de sociedad, sin que nunca se haya puesto en tela de juicio la validez de un pacto semejante."

En cambio, en los Estados Unidos, donde el concepto del abogado es igual que el que prevalece en Puerto Rico, se ha

---

(⁸)Véase la nota 7, pág. 14.

(⁹)Parece claro que si todos los socios son abogados admitidos a postular ningún perjuicio puede causarse al supuesto monopolio concedido a los abogados.

resuelto, aun en aquellas jurisdicciones donde se considera la firma de abogados como una entidad distinta de los miembros que la componen, que son válidas. *Warner & Post* v. *Griswold,* 8 Wend. 665, 11 N. Y. Common Law Reports 506, 507, citado en Ann. Cas. 1917B, pág. 16.([10])

Los casos de *Chautauqua County Bank* v. *Risley,* 6 Hill 375, 16 N. Y. Common Law Reports 393 (1844), y *Diefrendorf* v. *House,* 9 How. Pr. 243, invocados por la contribuyente y que han sido extractados en una Monografía, 24 L.R.A. (N. S.) 750, 756, no sostienen la proposición de la contribuyente. En el primero, el abogado de récord se ausentó del Estado con la intención de establecerse en otro Estado. Después de ausentarse dicho abogado, su socio continuó usando el nombre del abogado ausente. Y la corte resolvió que el abogado que conduce un pleito, debe residir dentro del Estado para que esté sujeto a la jurisdicción de la corte en caso de que su cliente o la parte contraria presenten contra él una queja de cualquier mala práctica.

En el segundo, se resuelve que si un abogado ha dejado de ser residente del Estado, cualquier notificación que se le haga es ilegal y que su antiguo socio no puede actuar en su nombre.

Establecido que una sociedad de abogados es legal y que por consiguiente está comprendida dentro de las disposiciones de la sección 2(*a*)(3) de la Ley de Contribuciones sobre Ingresos, pasaremos a determinar si la contribuyente Du-

---

([10]) En adición al caso arriba citado, los siguientes, de jurisdicciones donde se considera una firma de abogados como una entidad distinta de los miembros que la componen, sostienen la validez de esa institución: *Davis* v. *Dodson,* 22 S. E. 645, 29 L.R.A. 496 (Ga., 1895); *Roth* v. *Boies,* 115 N. W. 930 (Iowa, 1908); *MacFarland* v. *Altschuler,* 108 N. W. 151 (Neb., 1906); *Gratwick* v. *Smith,* supra; *McFarland* v. *Crary,* 8 Cowen 253, 9 N. Y. Common Law Reports 378 (1828); *Quintero* v. *Caffery,* 108 So. 87 (La., 1926); *Jones* v. *Caperton & Weeks,* 15 La. Ann. 475 (1860). Estos casos se citan exclusivamente para demostrar la validez de una firma de abogados en aquellas jurisdicciones de la Ley Común y Luisiana donde se considera la firma como una entidad distinta de los miembros que la componen. Al mismo efecto, véanse *McIver* v. *Clarke,* 69 Miss. 408, 10 So. 581 (1892), y *Harland* v. *Lillienthal,* supra.

bón & Ochoteco tiene derecho a hacer la deducción de los $22,814.14 por concepto de bonificación adicional.

De conformidad con el artículo 1572 del Código Civil, cada uno de los socios es deudor a la sociedad de lo que ha prometido aportar a ella. Y en *F. Bacó Soria & Hno.* v. *Tribunal de Contribuciones,* 64 D.P.R. 87, 92 (1944), interpretando este precepto del Código Civil, dijimos que el socio es deudor a la sociedad de su actividad y de su industria, pero que ello es así sólo cuando se trata de un socio que por el contrato de sociedad se obliga a aportar su industria, o cuando tratándose de un socio capitalista, no satisface a la sociedad el capital que se obligó a aportar por el contrato social. En las sociedades de abogados cada socio se obliga a aportar su industria, es decir, su trabajo profesional, a cambio de lo cual recibe la participación convenida en los beneficios de la sociedad. Siendo ello así, no se aviene con la naturaleza de la aportación que hace el abogado a la sociedad el que además de los beneficios reciba un sueldo, pues al prestar sus servicios a la sociedad, no está haciendo otra cosa que lo que se obligó a hacer a virtud del contrato de sociedad y de las disposiciones del artículo 1572. Desde luego, que los socios pueden convenir entre ellos la distribución de los beneficios de la sociedad en la forma y proporción que estimen conveniente, y en cuanto a ese derecho el Tesorero no puede intervenir; pero el ingreso neto de la sociedad, tal como lo define la Ley de Contribuciones sobre Ingresos, está sujeto al pago de la contribución sobre ingresos, y el derecho del Tesorero a cobrar esa contribución no puede ser perjudicado por los pactos que celebren los socios.

Arguye la contribuyente que el cobrar contribución sobre ingresos a la sociedad y además a los socios individualmente, constituye un discrimen en contra de las sociedades y a favor de los abogados que individualmente ejercen su profesión. Como hemos visto, la sociedad en nuestro de-

recho es una persona distinta de sus miembros, y siendo ello así, ningún principio constitucional impide a la Asamblea Legislativa imponer contribución a las dos distintas clases de personas: la jurídica y las naturales que la componen.

Es verdad que, considerando que los beneficios que obtiene una sociedad de abogados proceden exclusivamente del trabajo personal de los socios que la componen, la contribución que por su ingreso neto paga la sociedad y la que por su ingreso individual paga cada uno de los socios, aunque legales, resultan hasta cierto punto injustas; pero el remedio no está en las cortes de justicia, que no pueden pasar sobre la sabiduría y bondad de las leyes, sino en la rama legislativa.

Por lo expuesto, llegamos a la conclusión de que la firma de abogados Dubón & Ochoteco, estando comprendida dentro de las disposiciones de la sección 2(a)(3) de la ley, viene obligada a pagar la contribución sobre ingresos como cualquiera otra sociedad; pero como por el trabajo que cada socio aporta a la sociedad no tiene derecho a recibir un sueldo a los efectos de la deducción que concede la ley, erró el Tribunal de Contribuciones al conceder la deducción de los $22,814.14 por concepto de compensación adicional. En lo que respecta al sueldo de doce mil dólares que se fijaron los socios, el Tesorero lo aceptó como válido y no ha sido objeto del presente recurso.

*Procede anular la decisión recurrida del Tribunal de Contribuciones y devolver el caso para que dicte otra consistente con los principios enunciados en esta opinión.*